[No. 11094.    Department One. — July 13, 1886.]

IN THE MATTER OF W. H. RUSSELL, AN INSOLVENT.

INSOLVENCY — PETITION FOR INVOLUNTARY — PARTNERSHIPS AS PETITIONERS — NAMES OF MEMBERS. — Under section 8 of the insolvent act of April 16, 1880, a petition in involuntary insolvency which describes the petitioning creditors as firms or copartnerships is sufficient, although the names of the persons comprising the firms are not given.

ID. — FACTS SHOWING INDEBTEDNESS MUST BE ALLEGED. — In such a proceeding, the petition should allege the facts showing the indebtedness of the respondent to at least five of the petitioners, with the same degree of certainty and fullness as would be requisite in a complaint in an ordinary action to recover the indebtedness.

APPEAL from a judgment of the Superior Court of Sacramento County.

The proceeding was instituted on January 9, 1885, by certain individuals and firms, alleged creditors of W. H. Russell, to have him adjudged an insolvent debtor. The petition averred that Russell was indebted to each of the petitioners in a stated sum of money, but did not allege how or when the respective indebtedness occurred, or that they had not been paid, nor did it state the names of the individuals composing the firms. Russell demurred to the petition. The demurrer was sustained, and the petitioners declining to amend, judgment was rendered dismissing the petition. The further facts are stated in the opinion of the court.

*Robert T. Devlin, R. M. Clarken,* and *John W. Armstrong,* for Appellants.

The general averment that the petitioners are creditors, or that the respondent is indebted, to them, is sufficient to show that they had a right to file the petition, particularly in the absence of a special demurrer. *(Halleck* v. *Mixer,* 16 Cal. 577; *Drais* v. *Hogan,* 50 Cal. 125.) An allegation of the names of the members of the petitioning firms is not necessary. (*Campbell* v. *Judd,* 7 West Coast Rep. 372.)

*Freeman, Johnson & Bates,* for Respondent.

The petition is insufficient in not alleging that the sums remain unpaid. (*Frisch* v. *Caler,* 21 Cal. 71.) The statement that the respondent is indebted to the petitioners is an averment of a mere legal conclusion. (*Lightner* v. *Menzell,* 35 Cal. 452; *Curtis* v. *Richards,* 9 Cal. 33; *Wells* v. *McPike,* 21 Cal. 215.)

McKinstry; J.—In *Campbell* v. *Judd,* 7 West Coast Rep. 372, it was held that a petition of creditors under section 8 of the insolvent law of April 16, 1880, when the alleged creditors are described therein as firms or copartnerships, and the names of the persons comprising the firms are not given, "complies with the requirements of the statute, and is sufficient."

Respondent herein contends that the petition is insufficient and subject to general demurrer in that it does not show that the petitioners have each a cause of action against respondent. The averment is, that "W. H. Russell is indebted to your petitioners as follows: To A. A. Van Voorhies & Co. in the sum of $721.75," etc.

In *Campbell* v. *Judd, supra,* the averment was, that the alleged insolvents were "indebted to the petitioners as follows: To Wilcox, Powers & Co., in the sum of $346, for goods delivered to them during the year 1883," etc.

It is said by appellants (petitioners) that the debts due

petitioners must be proved like debts due other persons (Stats. 1880, sec. 37, p. 91); and that the statement in the petition that petitioners are creditors is merely by way of inducement to the matter which constitutes the *gravamen* of the petition, the statement of the respondent's acts of insolvency. But a person can be adjudicated an "involuntary insolvent" only on the petition of five or more *creditors*. What would be the result if, without proof of the claims of the petitioners, the respondent should be adjudicated an insolvent, and some or all of the five petitioners should subsequently fail to prove that they were creditors? It seems clear that the petition should show that at least five of the petitioners were creditors, and that respondent should have an opportunity to deny and contest their respective claims prior to an adjudication of insolvency. And if so, it is equally clear that the respondent should have notice of the facts on which the claims of indebtedness are based, or that the facts showing indebtedness should be stated with the same degree of certainty and fullness as in a complaint in an ordinary action to recover the indebtedness. The insolvent act (sec. 11) provides that the alleged debtor may demur to the petition for the same causes as is provided for demurrer in other cases by the Code of Civil Procedure.

Judgment affirmed.

Myrick, J., and Ross, J., concurred.

Hearing in Bank denied.