[No. 12381. Department One. — March 31, 1888.]

JOHN C. MOGK, Assignee of William J. Coombs, Insolvent, Appellant and Respondent, v. PETER PETERSON, Appellant and Respondent.

Appeal — Insufficiency of Evidence — Time. — In order to present the question of the insufficiency of the evidence upon an appeal from the judgment, the appeal must be taken within sixty days from the rendition of the judgment.

Insolvency — Assignment — Exempt Property. — Property which is exempt from execution does not pass by the statutory assignment to the assignee.

ID. — PETITION. — Where there is not a total absence of averment, but only an insufficiency in the mode of statement, the objection cannot be made on a collateral attack.

ID. — BOND. — If the creditors make no objection to a defective bond, a debtor of the insolvent cannot raise the question in an action by the assignee upon such debt.

INSTANCE of the construction of an assignment.

APPEAL from a judgment of the Superior Court of Colusa County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Richard Bayne,* for Defendant.

*H. M. Albery,* for Plaintiff.

HAYNE, C. — Action by the assignee of an insolvent to recover the value of certain property which is claimed to have been transferred to the defendant in fraud of the rights of the creditors. The court below gave judgment for a portion only of the amount claimed, and each side appeals.

Upon the appeal of the plaintiff, the question is, whether the court was right in holding that part of the property transferred was exempt from execution, and therefore not a part of the property to which plaintiff was entitled as assignee. The findings state that all this portion of the property consisted of "farming implements," and that "at the time of the transfer of said property, said Coombs was, by occupation, a farmer, and used all of said last-described articles in his business of farming," and that each article thereof "was, at the time the same was sold and transferred by said Coombs to said defendant, exempt from forced sale and execution."

The appeal was from the judgment alone, and was not taken within sixty days from its rendition; hence the findings must be taken as conclusive. (Code Civ. Proc., sec. 939, subd. 1.) Taking the above finding to be true, it is manifest that this part of the judgment was correct. For

the statute provides that "such assignment shall operate to vest in the assignee all the estate of the insolvent debtor *not exempt by law from execution*" (sec. 17); and that the assignee shall have power to take possession of "all the estate of such debtor except property *exempt by law from execution.*"    (Sec. 21, subd. 2.)

The clerk had no authority to transfer exempt property to the plaintiff, and therefore the plaintiff can claim nothing by virtue of the transfer.

Upon the appeal of the defendant several points are made:—

1. It is said that the petition in insolvency does not show the facts necessary to confer jurisdiction upon the court in which the insolvency proceeding was commenced. The particular matters in which the petition is claimed to be insufficient are, in the first place, that it merely alleges that the insolvent was "indebted" to the petitioners, etc., without stating the facts out of which such indebtedness arose, and that hence it is within the rule laid down in *In the Matter of Russell,* 70 Cal. 132; and in the second place, that it does not show that the debtor was insolvent within the meaning of the act, because it merely alleges that he "was on the twenty-ninth day of September, 1884, insolvent, and has suffered his property to remain under attachment or legal process for more than four days, and attempted to conceal some of his property to avoid its being attached," without showing that he was insolvent *at the time* he suffered his property to remain attached.    And further, that the allegation as to concealment was not that he did conceal, etc., but that he *attempted* to conceal.

Probably these matters would have been ground for a demurrer by the insolvent to the petition.    As to that we express no opinion.    But they certainly cannot be raised by a third party in a collateral proceeding.    Even if the position that the superior court acts in such proceedings as a court of inferior and limited jurisdiction

be assumed to be true of the present statutes, nevertheless it does not follow that the objections to the petition must prevail. The objections are in effect, not that there is a total absence of essential facts, but only that the facts are not sufficiently stated. That is not an objection which a third party can raise in a collateral action. This conclusion is strengthened by the provision of the act, to the effect that, "in suits prosecuted by the assignee, a certified copy of the assignment made to him shall be *conclusive* evidence of his authority to sue." (Sec. 18.)

2. It is said that no bond was filed by the assignee within the time allowed by the act. It appears that the bond filed on December 17, 1884, which was within the time specified, was defective, and that thereupon the court made an order allowing a new bond to be filed "as of date of December 17, 1884," and that thereupon a proper bond was filed. We are inclined to think this was sufficient for all purposes. But however this may be, the defendant cannot raise the question. As was said in *Luhrs* v. *Kelly*, 67 Cal. 291, "the creditors and debtor were alone interested in the amount and sufficiency of the bond, and they acquiesced in the bond given."

3. It is contended that the assignment was insufficient to pass the title to the assignee. This point is based upon the careless language of the assignment. The act requires that when the assignee is appointed and qualified, "the clerk of the court shall, by an instrument under his hand and seal of the court, assign and convey to the assignee all the estate, real and personal, of the debtor, with all his deeds, books, and papers relating thereto," etc. (Sec. 17.) In complying with this provision, the clerk executed an instrument in which he styled himself "the party of the first part," and after reciting the insolvency proceedings, proceeds to "grant, assign, transfer, and set over unto the said party of the second part . . . . all the . . . . property, estate, and effects of *the said party of the first part.*" And it is argued

that this is an assignment of the property of the clerk of the court, and not of the insolvent.

It is apparent from the recitals, however, that the intention was to transfer the property of the insolvent. And if a suit had been brought to reform the instrument, it would not have been necessary to introduce any evidence to show that such was the intention. And this being the case, we think it is not straining the language too much to hold that the assignment is an assignment of the insolvent's property. The paper is a paper in the proceeding. It is entitled, "In the Matter of William J. Coombs, an insolvent debtor," and recites the various steps in the insolvency proceedings, referring to the act by its title, and further recites that the assignment is made by the assignor as clerk of the court, and "in consideration of the premises, and of the benefits of said act, and in pursuance of and in obedience to the above-recited order and the said act, and for the uses and purposes in the said act declared."

In view of these recitals, we think the words "party of the first part," in the beginning of the paper, may be construed to mean: "William H. Miles, clerk of the superior court, acting under the statute as assignor of the estate of the insolvent"; and that the subsequent words referring to the property of the party of the first part may be taken to mean the property which, by virtue of the authority conferred upon him by the statute, he was authorized to transfer.

4. Finally, it is urged that the evidence is insufficient to show fraud. The court finds that at the time of the transfer the said Coombs was insolvent and unable to pay his debts, and that such transfer "was made with the intent and purpose on the part of said Coombs to hinder, delay, and defraud the general creditors of the said Coombs"; and that the defendant "had reasonable cause to believe that said Coombs was at said time insolvent, and that said assignment, transfer, and conveyance was so made by said Coombs with a view to prevent

the last-described property from being distributed ratably among his creditors, and to defeat the object of, and to hinder, impede, and delay the operation of, and to evade the provisions of, the insolvent act of 1880." We think this a sufficient finding to avoid the transfer. (Insolvent Act, sec. 55.) The counsel, however, says that the finding is not supported by the evidence, and that "appellant's testimony shows positively that he did not have such knowledge or notice."

But as remarked by Judge Baldwin in *Blankman* v. *Vallejo*, 15 Cal. 645, "We do not understand that the credulity of a court must necessarily correspond with the vigor and positiveness with which a witness swears." And this is peculiarly true of questions of mere knowledge or intent.

In the present case, it is not much disputed that the intention of the assignor was in fraud of the act. The main contention seems to be that the defendant was not aware of such intention. But if such was the assignor's intention, it is exceedingly improbable that he would have concealed it from the assignee. And the haste with which the transaction was concluded tends to cast a shade over it. Beside, the defendant admits that he knew Coombs was in want of money, and there was evidence that defendant had made declarations to the effect that some other persons had "got the best of him on the thrashing bill last year, and he did n't propose they would this year; that he had taken wheat enough." Upon the whole evidence, we cannot say that the court below was not justified in its conclusions as to the facts.

The other matters do not require special notice.

We therefore advise that the judgment and order appealed from be affirmed in all respects.

Foote, C., and Belcher, C. C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.