[No. 13646.   In Bank. — May 16, 1891.]

IN THE MATTER OF A. DENNERY, IN INSOLVENCY.

INSOLVENCY — NATURE OF PROCEEDINGS — PROVABLE DEBTS. — Insolvency
    proceedings are not in any sense proceedings merely for the collection or
    security of the particular demands of the petitioning creditors, and the
    fact that a petitioner has a provable debt is necessary to be shown only
    to show that the alleged debt occupies that relation, and that the peti-
    tioner has the requisite qualification to commence the proceeding.
ID. — QUALIFICATION OF PETITIONING CREDITOR. — A creditor who may file
    a petition for involuntary insolvency is one whose debt is provable
    under the act.
ID. — PETITION BY PARTNERSHIP CREDITORS — NAME OF FIRMS. — A peti-
    tion in involuntary insolvency by partnership creditors, which describes
    the petitioning creditors by their firm names, is sufficient, although it
    fails to state the names of the members of the firms.
ID. — ACTION — SPECIAL PROCEEDING. — A proceeding in insolvency is not
    an "action" as defined by section 22 of the Code of Civil Procedure, but

is in the nature of a special proceeding within section 23 of the same code.

Id. — Certificate of Partnership. — Sections 2466 and 2468 of the Civil Code, which provide that partnerships doing business in this state, under a designation not showing the names of the partners, must' file a certificate with the clerk, etc., or shall not be allowed to maintain an action, etc., are not applicable to partnership firms which are the signers of a petition in involuntary insolvency.

Id. — Resident Partnership — Non-residence of Partner. — A copartnership composed of four persons, three of whom are residents of this state and the fourth a non-resident thereof, and which carries on its business in this state, is a resident of this state within the meaning of section 8 of the Insolvent Act of 1880, providing that an adjudication of insolvency may be made upon the petition of a certain number of creditors, residents of this state.

Appeal from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*Johnson, Johnson & Johnson*, for Appellant.

The sufficiency of pleadings in insolvency proceedings is determined by the same rules as in civil actions. (Insolvent Act, sec. 11; *In re Russell*, 70 Cal. 133.) There is no averment of any indebtedness existing from the defendant to any of the petitioners. The allegation that petitioners are creditors is a mere conclusion of law. (*Curtis* v. *Richards*, 9 Cal. 33; *Wells* v. *McPike*, 21 Cal. 215; *Lightner* v. *Menzel*, 35 Cal. 452.) There is no allegation that petitioners' debts are unpaid. Such an averment is essential. (*Frisch* v. *Caler*, 21 Cal. 71; *In re Russell*, 70 Cal. 133.) The petitioning copartnership firms, in order to maintain this proceeding, must show a compliance with the provisions of the code requiring the filing of certificates of copartnership; otherwise, they have no right of action in themselves. (Civ. Code, secs. 2466 et seq.; *Sweeney* v. *Stanford*, 67 Cal. 635; *Phillips* v. *Goldtree*, 74 Cal. 151.) The petitioners cannot maintain the proceeding, because they are not all residents of this state. (Insolvent Act of 1880, sec. 8; *In re Prankard,* 1 Nat. Bank. Reg. 297.)

*Naphtaly, Freidenrich & Ackerman,* and *Add C. Hinkson,* for Respondents.

The form of petition in this case follows the form of a creditor's petition designated "Form No. 54," found in Bump on Bankruptcy, 8th ed., 927. Involuntary proceedings in bankruptcy are not in any sense proceedings merely for the collection or security of the particular demand of the petitioning creditors, but are for the benefit of all the creditors; and the fact that the petitioning creditor has a provable debt of the requisite amount is necessary to be shown only to show that the alleged debt occupies that relation, and that the petitioner has the requisite qualification to commence the proceedings. (*In re Sheehan,* 8 Bank. Reg. 245.) The creditor who can file a petition for involuntary bankruptcy is one whose demand is provable under the act; and all debts due and payable at the time of the adjudication in bankruptcy, and all debts then existing, but not payable until a future day, may be proved against the estate of the bankrupt. (*Phelps* v. *Classen,* 3 Bank. Reg. 87.) The petition need not show that the debt is due and unpaid, but it is sufficient if it sets forth the nature of the demand. (*Campbell* v. *Judd,* 7 West Coast Rep. 372; see *Allen* v. *Patterson,* 7 N. Y. 476; 57 Am. Dec. 542.) The petition sufficiently describes the petitioning creditors by referring to them by their firm names, and need not state the names of the members of such firms. (*Campbell* v. *Judd,* 7 West Coast Rep. 372; *In re Russell,* 70 Cal. 132.) Sections 2466 and 2468 of the Civil Code do not apply to proceedings in insolvency, as an insolvency proceeding is a special proceeding, and not an action within section 22 of the Code of Civil Procedure. (*Cohen* v. *Barrett,* 5 Cal. 195; *McDonald* v. *Katz,* 31 Cal. 169; *McAllister* v. *Strode,* 7 Cal. 430; *Judson* v. *Atwill,* 9 Cal. 478; *Meyer* v. *Kohlman,* 8 Cal. 47; *Swain* v. *Chase,* 12 Cal. 283; *Dorsey* v. *Barry,* 24 Cal. 449; *Hastings* v. *Cunningham,* 39 Cal. 137; *Phillips* v. *Goldtree,* 74 Cal. 151.)

The fact that a member of one of the petitioning firms resides out of the state does not preclude the firm from becoming a petitioning creditor. (*Campbell* v. *Judd*, 7 West Coast Rep. 372.)

GAROUTTE, J.— This is an appeal from an order of the superior court of Sacramento County adjudging appellant an insolvent debtor upon petition of his creditors. In the lower court a demurrer was interposed, which was overruled. The defendant then answered, setting up, among other things, a failure by the petitioning copartnership firms to make, file, or publish any certificate of their copartnership. Petitioners' demurrer to the answer was sustained, and an amended answer was filed, and the matter was heard upon the petition and amended answer.

The demurrer to the petition was properly overruled. The petition sets forth every fact required to be set forth by section 8 of the Insolvent Act, and in addition alleges that the petitioners are creditors of the said Dennery, and the nature of their respective demands is as follows: "The demand of said G. L. Jones & Co. is for $206.25, United States gold coin, and accrued for goods, wares, and merchandise sold and delivered, at San Francisco aforesaid, by them to said respondent, within one year last past, at his request." The claims of the other petitioners are set out in the same manner.

We think the foregoing statement sufficient.

"Insolvency proceedings in bankruptcy are not in any sense proceedings merely for the collection or security of the particular demand of the petitioning creditors. They are for the benefit of all the creditors. The fact that the petitioning creditor has a provable debt of the requisite amount is necessary to be shown for two purposes only. The first, to show that the alleged debt occupies that relation; second, that the petitioner has the requisite qualification to commence the proceeding.

Its office is then exhausted, and it has not, and is never given, any other force or effect.    (*In re Sheehan,* 8 Bank. Reg. 245.)

The form of the petition in the case at bar is practically the same as found under the United States bankrupt act, and which is designated "Form No. 54." (Bump's Bankruptcy, 9th ed., 933.)

A creditor who can file a petition for involuntary bankruptcy is one whose demand is provable under the act. (*Phelps* v. *Classen,* 3 Bank. Reg. 87.)

Section 37 of the Insolvency Act provides that all debts not payable until a future time may be proved against the estate of the debtor; hence it follows that a creditor may join in the petition, although his demand is not yet due.    And for these reasons it does not appear necessary to allege, in the petition of insolvency, a breach of the insolvent's contract, namely, that the debt is due and unpaid; but be that as it may, these petitioners each allege a demand against the insolvent, and set out the nature of it, which would seem to be ample to put the insolvent upon his defense.    In the case of *Campbell* v. *Judd,* 7 West Coast Rep. 372, the court held the petition sufficient, where the facts alleged as to the nature of the demand were much more meager than in the present case.

The case of *In re Russell,* 70 Cal. 132, cannot be held to overrule *Campbell* v. *Judd,* 7 West Coast Rep. 372, but, upon the contrary, seems to cite it with approval.    The facts alleged in that case were far more meager than were found in *Campbell* v. *Judd,* 7 West Coast Rep. 372, and the petition was clearly fatally defective.    The insolvent should have an opportunity to deny and contest the claims of petitioning creditors prior to an adjudication of his insolvency, and it is equally true that he should have notice of the facts on which the claims of indebtedness are based, in order to properly make such contest; and when those facts are stated, the requirements

of the statute are satisfied, even under the principle laid down in *In re Russell*, 70 Cal. 132.

As to whether the facts set out in the petition are sufficient upon which to recover in an action for the indebtedness, it is unnecessary to decide.

As to the point raised by the demurrer, that the petition fails to state the names of the members of the firms petitioning, the facts are to the contrary, and, again, this court has already decided it has no merit. (*Campbell* v. *Judd; In re Russell, supra.*)

The demurrer to the answer was properly sustained.

Sections 2466 and 2468 of the Civil Code, providing that partnerships doing business in this state under a designation not showing the names of the partners in such business must file a certificate with the clerk, etc., or shall not be allowed to maintain an action, etc., is not applicable to the signers of a petition in involuntary insolvency. A proceeding in insolvency is not an *action* as defined by section 22 of the Code of Civil Procedure, but is in the nature of a special proceeding, and is included within section 23 of that code.

Section 2468 of the Civil Code has been so strictly construed by this court that it has been held not to apply to actions for tort. (*Ralph* v. *Lockwood*, 61 Cal. 155.) It does not by express terms include special proceedings, and the court will not, by intendment, enlarge the inhibition for the purpose of defeating a remedy to which the party otherwise would be entitled.

It is urged that the California Jewelry Company cannot be a petitioning creditor, because one member of the firm resides in Germany. It is a copartnership doing business in this state, and three members of the firm reside here. We have already held that it is not necessary to set out the names of the members composing the firms in order to constitute a valid petition, and not necessary to file the certificate required by the Civil Code in order to give a partnership the right to petition; and the mere

non-residence of one of the partners should certainly not defeat the right of the firm to become a petitioning creditor. The firm is regarded as an entity, and when the statute speaks of the petitioners being residents of this state, it must be construed with reference to the person who may be a petitioner.

A copartnership composed of four persons, as in the case of the California Jewelry Company, must be regarded as a resident within the meaning of the statute, when its business is carried on in this state and three of its members are residents of this state.

The authorities cited by appellant have been carefully examined, and do not overthrow the foregoing views.

Let the judgment be affirmed.

DE HAVEN, J., PATERSON, J., McFARLAND, J., and BEATTY, C. J., concurred.

HARRISON, J., dissenting.—I dissent. The right of a court to adjudicate an individual to be insolvent is purely of statutory creation, and can be exercised only in the terms and under the conditions prescribed by the statute. Any attempt to confer the control and management of the estate of one person upon another against the will of the owner, even for the purpose of subjecting the same to the payment of his liabilities, is an extraordinary interference with the natural right of the individual to the management and control of his property, and can be upheld only by some positive statute authorizing such proceeding. Such power is not to be presumed to exist, nor is its exercise to be sustained by any forced or unusual construction of the terms of a statute, but must find its support in clear and explicit language.

Section 8 of the Insolvent Act of 1880 provides that "an adjudication of insolvency may be made on the petition of five or more creditors, residents of this state, whose debts or demands accrued in this state, and

amount in the aggregate to not less than five hundred dollars." And section 9 provides: "Upon the filing of *such* creditors' petition, the court shall issue an order requiring such debtor to show cause, at a time and place to be fixed by the court, why he should not be adjudged an insolvent debtor, and at the same time, or thereafter, upon good cause shown therefor, said court may make an order forbidding the payment of any of the debts, and the delivery of any property belonging to such debtor, to him or for his use, or the transfer of any property by him."

The court acquires no jurisdiction to take any step or make any order until after there shall have been filed with it "such" a petition as is prescribed by section 8. One of the essential requisites of this petition is, that it be made by five or more creditors "who are residents of this state."

Although, for the purpose of making such petition, a partnership is a creditor within the meaning of this section, such "creditor" is not a resident of this state unless all the members of the partnership are residents of this state. Neither of the individual members of the partnership is a "creditor" of the insolvent within the meaning of this statute, but such "creditor" is the partnership made up of all its members. No action can be maintained against a debtor upon a partnership obligation, unless it be brought by all of the partners, and as the debtor is not liable to an action by either member of the partnership, such member is not his "creditor" for the purpose of making a petition that he be adjudicated an insolvent.

The insolvency laws of a state are enacted for the benefit of its own citizens, and are limited in their operation to the citizens of that state. It is in recognition of this principle that the statute above quoted requires that the petitioning creditors shall be residents of this state. But if it should be held that the petition can be

made by partnerships of which some or any of the members are non-residents, this legislation would be for others than residents of this state. Such purpose of the legislature should be specifically declared, rather than that the court should so decide from any uncertain language found in the statute. The fact that the business of the partnership is carried on in this state does not make, or tend to make, the partnership itself a resident of this state, and whether one, or any number less than all, of its members are non-residents, is immaterial if once it be admitted that it is not essential that all of its members be residents here. It might be, and often is, the case that the non-resident is the chief member of the partnership, while the resident members, although a majority in number, have but a slight interest in the business, and consequently might not represent a sufficient amount of the debt to bring their interest within the minimum requirement of five hundred dollars.

In the present case the court finds that one of the petitioning creditors was the California Jewelry Company, a partnership consisting of four members, and doing business in this state; and that H. Levison, one of its members, was not a resident of this state at the time the petition was signed, but at "all said times was, and is, a resident at Hamburg, Germany." The California Jewelry Company was not therefore a creditor authorized to sign a petition for the adjudication of the debtor as an insolvent, and inasmuch as the petition was not signed by five creditors, "residents of this state," it was insufficient to confer any jurisdiction upon the court to adjudicate him an insolvent.