[S. F. No. 207.   In Bank.—November 30, 1895.]

ESTATE OF THOMAS H. BLYTHE, DECEASED. SARAH DAVIS, APPELLANT, v. FLORENCE BLYTHE HINCKLEY ET AL., RESPONDENTS.

ESTATES OF DECEASED PERSONS—DETERMINATION OF HEIRSHIP—PROCEEDING IN REM—CONSTRUCTION OF CODE.—It seems that the proceeding and decree provided for in section 1664 of the Code of Civil Procedure were intended by the legislature to be *in rem*, and conclusive against all persons, and the unquestioned basis for the decree of distribution which was to follow.

ID.—DECREE OF DISTRIBUTION—CONTEST BY CLAIMANT—ADMISSIBILITY OF PROCEEDINGS TO DETERMINE HEIRSHIP.—Where an heir who has instituted prior proceedings under section 1664 of the Code of Civil Procedure petitions for a subsequent distribution of the property, and sets forth the proceedings as a basis for the decree, if a claimant who did not appear, and was not named in such proceedings, appears and contests the distribution, and joins issue upon the fact of such proceedings, the proceedings are admissible in evidence under the issues, in proof of the averments denied by the contesting claimant, without regard to the question of their conclusiveness.

ID.—KINSHIP OF CLAIMANT—CONCLUSIVENESS OF FINDING.—Where the finding of the superior court is against the kinship of the contesting claimant to the decedent, and to the effect that she has no interest in the estate, and the testimony in favor of the claimant is of an exceedingly slight and flimsy character, the conclusion of the trial judge will not be disturbed upon appeal, but it will be considered that she has no interest in the estate, and is not concerned with its distribution.

APPEAL from a decree of distribution in the Superior Court of the City and County of San Francisco.   J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*Timothy J. Lyons, John H. Durst,* and *James Alva Watt,* for Appellant.

*William H. H. Hart,* and *T. I. Bergin,* for Respondent Florence Blythe Hinckley.

McFARLAND, J.—This is an appeal by Sarah Davis from a decree of distribution to Florence Blythe Hinckley of the property and estate of Thomas H. Blythe, deceased.

The said Blythe died intestate in April, 1883. Letters of administration upon his estate were issued in that year to Philip A. Roach, who was afterward succeeded by others as administrators. More than one year after the issuance of letters the respondent herein, Florence Blythe Hinckley, then Florence Blythe, commenced proceedings, under section 1664 of the Code of Civil Procedure, to have the claims of all persons to said estate, and its distribution, ascertained and declared in the manner provided by that section. She filed her petition in October, 1885, claiming to be the daughter and sole heir of said deceased, and entitled to the distribution of his whole estate. The court duly made an order requiring all persons, named or unnamed, to appear on February 1, 1886, and exhibit their claims of heirship, ownership, or interest in said estate, which was duly published; and on said day nearly two hundred persons appeared claiming such heirship. Within the time prescribed by law said Florence filed her complaint, setting forth the facts constituting her heirship to the deceased and her claim to said estate; and the numerous persons who had appeared filed pleadings, or "answers," as they are called in the section, setting up the facts constituting their claims to heirship and distribution. They are mostly associated in certain groups, and their claims were mostly inconsistent with and hostile to each other, each group contending that the deceased was descended from parents different from those alleged by either of the other claimants. After various proceedings not

necessary to be mentioned here, and after a full hearing and trial, the court, in October, 1890, made its decision, and entered its decree or judgment, by which it was adjudged and decreed that the said Florence was the daughter of said deceased, and his sole heir, and therefore entitled to the distribution of the whole of said estate, and that neither of the said persons appearing as aforesaid, nor any other person, was heir to said deceased or entitled to any of said estate. From this judgment various appeals were taken, but, upon all the appeals, the judgment was affirmed. (See *Blythe* v. *Ayres*, 102 Cal. 254; also eight other cases there mentioned; *Blythe* v. *Ayres*, 96 Cal. 532; *Hinckley* v. *Ayres*, 105 Cal. 357.) Two of the persons who appeared and answered and took appeals, as above stated, were William Savage and his brother, David Savage; and these two were brothers of the appellant, Sarah Davis. These two brothers, during the above-mentioned proceedings, presented and contested for the claim of the group called the "London Savages"; and this appellant, although she knew that this claim, in which she was interested jointly with her brothers, was thus being litigated, and gave testimony, by a deposition, for her brothers in support of that claim, did not appear as a party; and she now claims the right to open up and again contest for the said alleged London Savage heirship, and to disregard all the proceedings and decisions above mentioned—which after full and protracted litigation resulted in the judicial determination of all said conflicting claims in favor of said Florence—upon the ground that there was no legal service upon appellant of the notice of said proceeding, because she was not individually named in said notice or in an affidavit for publication. Of course, under these circumstances, she is entitled to no equitable consideration, and must stand upon her strict legal rights, if any such she has.

The contention of appellant is, that the said proceedings and decree under section 1664 (styled "*Blythe* v. *Ayres*") are not conclusive as against her. But that

question does not necessarily arise in this case. Considering the state of the law before the enactment of section 1664, the character of the remedy which that section was intended to provide is quite apparent. It was intended to construct a wider, better, and more just and effective method of determining heirship to one dying intestate, where there are many conflicting claimants of such heirship. It gives a longer time, and affords ampler opportunities to contestants to present and litigate their claims, than they formerly had when the ordinary decree of distribution was conclusive; and we have no doubt that the legislature intended by said section to make the decree under it conclusive against all persons, and the unquestioned basis for the decree of distribution which was to follow. And this, of course, the legislature could do in a proceeding *in rem*, such as the one under discussion. But we are not called upon in this case to determine definitely whether or not the somewhat bungling language of the section has in any material way obscured what was apparently the legislative intent.

In the case at bar, the question arises upon the objections by appellant to the introduction by the respondent of the prior proceedings in the administration of the estate of Thomas H. Blythe, including the proceedings under said section 1664 and the judgment and decree rendered therein. These proceedings were properly set forth by respondent in her petition for distribution; and they were all specifically denied by the appellant in her answer to said petition. If there is any one of the averments of the petition—from the death of Blythe to the moment when the answer was filed—that is not denied by the answer, we have failed to discover it. The English language seems to have been tortured in the answer through apparent fear that the denials might not be considered comprehensive and complete. She denies that any proceeding was taken under section 1664, or that any person appeared and filed an answer therein, or that any judgment was rendered, or any

appeal taken by anyone.   The following are some speci-
mens of said denials: "The said Sarah Davis denies
that said or any decision so duly or otherwise given or
made, or as aforesaid or otherwise or at all, was in the
words or figures following, to wit, as set forth in the
said petition, or otherwise or at all."   "The said Sarah
Davis denies that said or any judgment so or otherwise
duly or otherwise given or made or entered or otherwise
as aforesaid or otherwise or at all was or is in words or
figures following, to wit, as set forth in the said petition,
or otherwise or at all."   "The said Sarah Davis denies
that the said or any judgment still remains in full or
any force or effect or otherwise or at all, or has not been
in anywise reversed or vacated or annulled, or that cer-
tain or any of the aforesaid parties, or any party who'
appeared as above stated or otherwise, in said cause or
any cause, or at all, or who appeared upon the or any
trial of said or any cause as above or otherwise stated,
or at all, appealed from said or any judgment to the
supreme or any court of said or any state of California,
or otherwise or at all," etc; and it is denied in similar
verbiage that "the supreme court, or any court or other-
wise or at all," rendered judgments on said appeals.

It is quite apparent, therefore, that the said evidence
objected to was properly introduced in proof of aver-
ments denied by the appellant and necessary to respond-
ent's application for distribution.

Moreover, the evidence objected to was admissible,
generally, as proof of respondent's *status* as sole heir of
the deceased.   Whether it would be *conclusive* as against
appellant, or whether it would have been evidence at
all against her on the question of the *status* of respondent,
if appellant were "interested in the estate," is, as before
stated, not a necessary question here.   Upon the issue
of her interest in the estate the court below allowed her
to introduce all the evidence she had to offer; and it
found that she is in no manner akin to said Blythe,
deceased, and has no interest in or claim to any of his
estate.   It is contended that the finding is against the

evidence, and that we ought to say here that, upon the testimony introduced by appellant, the court below should have found that she *is* akin to the deceased, and *has* an interest in his estate. But the testimony on that point was of an exceedingly slight and flimsy character; and we would be without warrant in disturbing the conclusion of the trial judge on this question of fact. (See *Blankman* v. *Vallejo*, 15 Cal. 646; *Mogk* v. *Peterson*, 75 Cal. 501; *Baker* v. *Firemen's etc. Ins. Co.*, 79 Cal. 41; *Elwood* v. *Western Union Tel. Co.*, 45 N. Y. 553; *Sipple* v. *State*, 99 N. Y. 289.) Therefore, as the appellant has no interest in the estate, she is not concerned with its distribution.

There are no other points in the case necessary to be noticed.

The judgment and decree of distribution appealed from are affirmed.

HENSHAW, J., VAN FLEET, J., and GAROUTTE, J., concurred.

BEATTY, C. J., and HARRISON, J., deeming themselves disqualified, took no part in the decision of this cause.