[First National Bank v. Henderson.]


# First National Bank *v.* Henderson.

### Assumpsit.

### (Decided May 11, 1916.  72 South. 91.)

Contracts; Construction; Intent.—The contract stated and examined and it is held that since the intent of the parties governed, defendant was not bound by that portion of the contract placing particular obligations on the corporation, subsequent references to the parties of the second part showing that defendant was not included.

Action by the First National Bank of Gadsden against Hugh C. Henderson for breach of contract.  Judgment for defendant, and plaintiff appeals.  Affirmed.

The following is the agreement referred to in the opinion:

This agreement by and between the First National Bank of Gadsden, R. V. Davidson, S. McGaughy, Eva G. McGaughy, and J. L. Dorsey, parties of the second part, witnesseth:

(1) For the consideration hereinafter named, the parties of the first part do hereby collectively and severally release and discharge the parties of the second part collectively and severally from any and all liability which either or all of the parties of the second part may be under to either or all of the parties of the first part for and on account of all matters relating to, connected with or growing out of the affairs of the Alabama Harness Company, and particularly for and on account for any and all indebtedness claimed by the parties of the first part, either or all of them against the Alabama Harness Company, and parties of the first part, do further obligate themselves to assign and transfer without recourse to said Henderson twelve thousand five hundred dollars of the capital stock of the Alabama Harness Company, being all the capital stock of the said company owned or held or controlled by the parties of the first part, or either of them, and parties of the first part, do hereby obligate themselves to pay all fees and expenses of attorneys representing at any time the petitioning creditors, or parties of the first part or either of them in any and all matters of litigation or dispute now or lately pending or existing between parties of the first part and parties of the second part or any of them, and parties of the first part agree not to throw any obstacles in the way of the reorganization of the Alabama Harness Company, and the resumption of business

by it, but will aid by their good offices such reorganization and resumption in all ways that they reasonably can.

(2) That in consideration of the foregoing the Alabama Harness Company agrees to pay the First National Bank of Gadsden twenty-six thousand dollars as follows: First, to pay over to the First National Bank of Gadsden the entire amount of the "special fund" now in the hands of the receiver and kept separately as required by the order of the United States court, said fund now amounting to about sixty-two hundred dollars. Second, to assign and transfer to said bank without recourse all the old accounts (not including claims against persons declared bankrupts) due to the Alabama Harness Company, and contracted prior to the filing of the petition in bankruptcy at the valuation of fifty cents of the amount due thereon, said accounts to be just and unpaid. Third, to assign and transfer to said bank without recourse all unpaid accounts owing to the receiver or receivers of the said Alabama Harness Company at one hundred per centum of the amount due thereon, said accounts to be just and unpaid. Fourth, the remainder of said twenty-six thousand dollars with 4 per cent. of said remainder added thereto is to be paid by the sale and delivery by said harness company to said bank of goods of said harness company now in stock at wholesale prices, to be selected by the First National Bank or its agent. If any of said accounts prove to be unjust or to have been paid the Alabama Harness Company will make good either in money or account or goods, such deficiency to be made good at the same price at which said accounts were taken. If said harness company elects to make good such deficiency in accounts or goods, the bank has the right to select such goods or accounts from all those belonging to said harness company, at one hundred cents on the dollar for accounts, or at wholesale prices for the goods.

(3) Parties of the second part agree to dismiss the petition for review of the Alabama Harness Company matter now pending before the Circuit Court of Appeals of this circuit, and the Alabama Harness Company to pay all proper costs and expenses of the bankruptcy proceedings against it.

(4) And the parties of the second part further agree not to throw any obstacle in the way of the First National Bank of Gadsden, its agent or attorneys, nor hinder, delay nor interfere in the collecting or securing of the accounts herein mentioned and to be transferred to said bank, but by their good offices and

assistance will aid said bank, its agent or attorneys, in collecting or securing said accounts in all legal, reasonable and proper methods, and will facilitate the transfer and collecting and securing of said accounts in every reasonable and proper manner.

(5) On compliance with this agreement, it is understood and agreed that the parties of the first part, or either of them, and the petitioning creditors and sureties, are hereby released and discharged from any and all damages, liability or claims of any kind for which they, any of them or either sureties may be liable by reason of the instituting of the bankruptcy proceedings against the Alabama Harness Company, or growing out of the· same.

(6) It is understood and agreed that in all matters relating to this transfer of accounts, the proper assignment thereof, and whatever may be necessary to fully carry out this agreement, all such matters shall be referred to O. D. Street and A. R. Brindley, the respective attorneys for the parties hereto, and the agreement of said attorneys thereon shall be binding, and in the event said attorneys are unable to agree on any detail they shall agree on an umpire or a third party to whom the disputed matter shall be referred, and the decision of such umpire shall be binding.

JOHN A. LUSK & SON, W. C. RAYBURN, and W. G. BOYKIN, · for appellant. STREET & BRADFORD, for appellee. ·

· McCLELLAN, J.—The appellant brought this action against the appellee to recover damages alleged to have resulted to ·the plaintiff because of the defendant's breach of the contract (signed by both plaintiff and defendant, with others) reproduced with the report of this appeal. The court below gave effect in its rulings to the conclusion that the defendant had made no promise, assumed no obligation upon which the breaches assigned in the complaint, original and as amended, could be predicated. Our conclusion accords with that prevailing in the trial court.

The first, second, third, and fourth counts of the original complaint assign breaches of the respective obligations expressed in the fourth subdivision of paragraph 2 of the contract. Count A of the amended complaint assigns breaches of respective obligations expressed in the second, third, and fourth subdivisions of paragraph 2 of the contract. In the amendment filed October 6, 1915, the breaches assigned are predicated of respective provisions of subdivision 4 of paragraph 2 of the contract.

[First National Bank v. Henderson.]

The fate of this appeal depends, as did the result below, upon the construction of the contract. It is the intention of the parties to the contract that must be given effect. The provisions of the second paragraph of the contract exclude the possibility of an interpretation that H. C. Henderson (defendant) made any promise or assumed any obligation to meet the stipulations upon which the breaches are laid in the original and amended complaint. The performance of the contract in those respects was alone obligatory on the Alabama Harness Company, a corporation. The second paragraph only assumes to express the promise and obligation of that corporate entity. It is true the defendant and the corporation are nominated among the "parties of the second part;" but the use of that phrase could have no effect to impose upon the defendant an obligation or obligations the instrument as a whole clearly shows to have been assumed by one only of the "parties of the second part." The phrase, as well as the one referring to the "parties of the first part," in its common use, is suggested by convenience and is descriptive merely. Usually, it serves to save the renaming of contracting parties. Whenever its descriptive effect contradicts the intent of the parties as shown by the instrument otherwise, it is not regarded as of sufficient strength to control the judicial judgment. See *Sanders v. Betts*, 7 Wend. (N. Y.) 287; *Mogk v. Peterson*, 75 Cal. 499, 500, 17 Pac. 446; *Fairchild v. Lynch*, 42 N. Y. Super. Ct, 265, 277-279. In this contract, paragraph 2 did not undertake to employ the phrase to describe the person or entity to be bound in the respects therein stipulated. On the contrary, the corporation was named as the entity bound thereby. In the third and fourth paragraphs of the contract the general designation is of the "parties of the second part;" thereby quite clearly evincing, if anything more were needed, an intent to discriminate between the Alabama Harness Company, one only of the parties of the second part, and the corporation and two others elsewhere therein described as the parties of the second part.

We can find nothing in the instrument to indicate any purpose to impose on Henderson the obligations of a guarantor or surety for the Alabama Harness Company.

Code, § 2503, cannot, of course, operate to impose obligations not assumed by the party to be bound.

The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.