[S. F. No. 17677.  In Bank.  Oct. 21, 1949.]

Estate of IRA WISE, Deceased.  JOHN E. LEWIS, as Administrator, etc., Appellant, v. FRED N. HOWSER, as State Attorney General, etc., Respondent.

Edward D. Mabson for Appellant.

Fred N. Howser, Attorney General, in pro. per., Richard H. Perry and Leo T. Englert, Deputy Attorneys General, for Respondent.

SPENCE, J.—This is an appeal from a judgment dismissing the petition of John E. Lewis, as administrator of the estate of Eva Effie Jones, to establish her heirship to Ira Wise, whose estate was in the course of probate, and from an order denying said administrator leave to file an amended petition. The propriety of the court's ruling depends on considerations of (1) the validity and (2) the conclusive effect of a previous decree of heirship made in the Ira Wise estate proceeding.

On November 23, 1942, Ira Wise died intestate, leaving no issue, surviving spouse or parents. His wife, Emma, had died intestate some six months previously. On May 9, 1945, W. O. Crutchfield, the brother of Emma Wise, filed a petition to establish his heirship to Ira Wise, upon the claim that "there being no issue or surviving parents of [either] Emma . . . or . . . Ira Wise," he, Crutchfield, "as sole surviving heir of said Emma Wise," was "entitled to participate in the estate of said Ira Wise." Notice of the hearing of this petition was posted on the aforesaid filing day, with May 23 appointed as the time when "all persons interested [should] appear and show cause, if any they have, why the said petition should not be granted."

On June 11, 1945, Betty Bly and Earnest Bly filed a petition to establish their heirship to Ira Wise and in challenge

of W. O. Crutchfield's relationship claim. They alleged that said Ira Wise "left surviving him as his heirs, Eva Effie Bly Jones [since deceased] and Earnest Bly" as "first cousins" and "Betty Bly [as] the aunt of said Eva Effie Bly Jones and Earnest Bly"; that "Ira Wise died intestate and left no wife, no issue or surviving parents and Betty Bly and Earnest Bly and the estate of Eva Effie Bly Jones . . . ·are the only persons entitled to participate in the estate of Ira Wise"; that, on information and belief, "Emma Wise did not leave any surviving heirs and therefore W. O. Crutchfield as [her] alleged brother . . . [was] not entitled to inherit from said estate." This petition was signed by "Richard M. Lyman, Attorney for Betty Bly and Earnest Bly and representing the estate of Eva Effie Bly Jones, deceased." (Eva Effie Bly Jones had died on March 4, 1944, and when the Bly petition was filed, no administrator had been appointed for her estate.) Notice of the hearing of the Bly petition was posted on June 12, 1945, with the hearing day set for July 3, and Betty and Earnest Bly designated as petitioners. However, as disclosed by the clerk's minutes of June 21, 1945, Lyman, as counsel for the Blys, "enter[ed] into an oral stipulation with other counsel present" that the Bly petition "be advanced on the calendar and heard in conjunction with the other matters" in the Wise proceedings pending "before the Court [that] day." Accordingly, in the morning session two witnesses were "sworn and examined on behalf of petitioner Crutchfield," and in the afternoon William Jones, the surviving husband of Eva Effie Jones, testified "on behalf of . . . Betty Bly and Earnest Bly." Thereupon "both petitions to establish heirship, one of Crutchfield and one of the Blys [in the estate of Ira Wise], and the petition of Crutchfield for partial distribution [in the estate of Emma Wise]" were by order of the court "continued to August 28, 1945, . . . for further hearing." As then appears from a minute entry dated August 28, 1945, these petitions were heard as scheduled, additional statements were taken, and the court found that W. O. Crutchfield was the "brother of Emma Wise, deceased," and ordered that his "petition . . . to establish heirship in the estate of Ira Wise . . . [be] granted." At the same time the court further ordered that the "petition of Betty Bly and Earnest Bly to establish heirship in the estate of Ira Wise . . . (petition also includes estate of Eva Effie Bly Jones, deceased) be . . . denied."

A decree based on the minute order of August 28 was filed on September 6, 1945. It recited that the two heirship "petitions . . . came on regularly for hearing on the 21 day of June, 1945," with independent counsel "appearing . . . for W. O. Crutchfield" and Lyman, designated as "attorney of record for Eva Effie Jones . . . appearing . . . for Betty Bly and Earnest Bly"; that "proof having been made to the satisfaction of the court that notice of the hearing of said petitions has been given as required by law, testimony both oral and written was introduced . . . by the respective parties"; that the "matter was continued to August 28, 1945," and after "coming on regularly to be heard" that day, it was "submitted for decision." The court then found that "W. O. Crutchfield [was] the brother and sole surviving heir of Emma Wise, deceased" and, as such, "entitled to participate in the estate of . . . Ira Wise, deceased"; that "the allegations in the petition of Betty Bly and Earnest Bly are untrue (save and except the allegation that Ira Wise died intestate and left no wife, no issue or surviving parents) and not supported by proper or competent testimony offered, presented or introduced to establish any right of heirship of said Betty Bly, Earnest Bly or Eva Effie Jones mentioned in said petition as Eva Effie Bly Jones, or to establish any right or interest of said Betty Bly, Earnest Bly and/or said Eva Effie Bly Jones, in the estate of said Ira Wise"; and accordingly, that "said Betty Bly, Earnest Bly and/or said Eva Effie Bly Jones, or either or any of them, are not heirs of said Ira Wise and therefore have no right, title, interest, claim or demand in or to said estate of Ira Wise, and are not entitled to participate in the distribution of said estate of Ira Wise."

No appeal was ever taken from the decree and it long since has become final. A little more than a year after its entry and on November 13, 1946, John E. Lewis, who, after entry of the decree, had been appointed administrator of the estate of Eva Effie Jones, filed a petition to determine if her estate was entitled to share in the estate of Ira Wise. Referring to the denial of the Bly petition on August 28, 1945, the petition of Lewis alleges that at the time of that former heirship proceeding "no proper proof was presented to the court that said Eva Effie Jones was dead, and no person entitled to represent [her] estate . . . was [there] present"; and that "said Eva Effie Jones was the cousin of Ira Wise," and, as

such, "entitled to participate in the distribution of [his] estate."

Inasmuch as the court had determined that W. O. Crutchfield was only entitled to a portion of Ira Wise's estate, and there was the possibility of a partial escheat, the State of California intervened in this proceeding and filed its answer to the Lewis petition. It denied the allegations of the petition and alleged: "The petition does not state facts sufficient to enable the court to determine that Eva Effie Jones is an heir of Ira Wise, deceased, for the reason that the subject matter of the petition to determine heirship has previously been finally determined adversely to petitioner's contention." Thereafter, Lewis, as administrator, requested leave to file an amended petition on behalf of Eva Effie Jones. On June 25, 1947, the court denied this request and dismissed the Lewis petition. From such adverse order and judgment accordingly entered, Lewis has appealed.

Appellant contests the validity of the first decree of heirship upon these grounds: (1) the initial hearing, with the taking of evidence, was held prior to the expiration of 10 days following the posting of notice of the Bly petition (Prob. Code, § 1200); and (2) the decree was rendered at a time when appellant's decedent, Eva Effie Jones, was dead and no administrator had, as yet, been appointed to represent her interest in the heirship proceeding, with the alleged result that its determination could not be binding upon her estate. Respondent, on the other hand, maintains that appellant's challenge constitutes a collateral attack upon the first decree, which cannot prevail because (1) the record establishes the jurisdiction of the court to act; and (2) as a decree in rem, it is res judicata as to the whole world. In the light of the particular facts of this case and the settled legal principles applicable to heirship proceedings, respondent's position is well taken.

■ "Probate proceedings being purely statutory, and therefore special in their nature, the superior court, although a court of general jurisdiction, is circumscribed in this class of proceedings by the provisions of the statute conferring such jurisdiction, and may not competently proceed in a manner essentially different from that provided. (*Smith* v. *Westerfield*, 88 Cal. 374, 379 [26 P. 206].)" (*Estate of Strong*, 119 Cal. 663, 666 [51 P. 1078]; *Texas Co.* v. *Bank of America etc. Assn.*, 5 Cal.2d 35, 41 [53 P.2d 127].) ■ But like any

final judgment, a decree in probate will be accorded the same intendments in favor of its validity (*Estate of Keet*, 15 Cal.2d 328, 335 [100 P.2d 1045]), and it will not be open to collateral attack for lack of jurisdiction unless the record affirmatively shows that the court transgressed its statutory power to render the decree in question. (1 Freeman on Judgments (5th ed.) § 305, pp. 602-604; *Estate of Davis*, 151 Cal. 318, 325 [86 P. 183, 90 P. 711, 121 Am.St.Rep. 105]; *Kaufmann* v. *California Mining & Dredging Syndicate*, 16 Cal.2d 90, 91 [104 P.2d 1038].) ■ The record is the judgment roll, and upon collateral attack it is the only evidence that can be considered in determining the question of jurisdiction (*Estate of Eikerenkotter*, 126 Cal. 54, 56 [58 P. 370]; *Sacramento Bank* v. *Montgomery*, 146 Cal. 745, 751 [81 P. 138]; *Crouch* v. *H. L. Miller & Co.*, 169 Cal. 341, 343 [146 P. 880].)

■ The jurisdiction of the probate court is a jurisdiction in rem. It is established when the appropriate petition has been filed and the notice required by the statute has been given. (*Lillienkamp* v. *Superior Court*, 14 Cal.2d 293, 298 [93 P.2d 1008]; *Stiebel* v. *Roberts*, 42 Cal.App.2d 434, 438 [109 P.2d 22].) ■ In the present case the significant chronology is the filing of the Crutchfield petition on May 9, 1945, and its notice for hearing 14 days later, May 23 (Prob. Code, § 1200), as then giving the court jurisdiction to proceed with the whole matter of heirship in the estate of Ira Wise. Apparently that hearing did not proceed as scheduled but was continued to June 21, in view of these considerations: the Bly petition to establish heirship in that same estate and denying Crutchfield's claims, filed on June 11 and set for hearing on July 3, according to the notice posted on June 12, was, pursuant to stipulation of counsel, "advanced on the calendar" to June 21 to be "heard in conjunction with the *other matters*" in the Wise proceedings pending "before the Court [that] day," among which was the Crutchfield petition as above noted. Such stipulation amounted, in effect, to the recognition of the purport of the Bly petition as "a written statement setting forth [the Blys'] interest in the [Ira Wise] estate" (Prob. Code, § 1080) in challenge of Crutchfield's right to participate therein, and the propriety of the court's determination of the conflicting claims as an integrated adjudication. Accordingly, testimony was taken with respect to the opposing heirship claims on June 21, 1945; a further hearing was had on August 28, 1945, when additional statements were made therein,

and the matter was submitted for decision; and the decree determining heirship was rendered on September 6, 1945.

In review of these proceedings as establishing the jurisdiction of the court, the decree recites that "the petitions of said W. O. Crutchfield and Betty Bly and Earnest Bly came on regularly for hearing on the 21 day of June, 1945," with independent counsel appearing on behalf of the respective claimants, and "proof" was "made to the satisfaction of the court that notice of the hearing of said petitions has been given as required by law"—that is, the 10-day prescribed notice on the Crutchfield petition (Prob. Code, § 1200), and the Bly petition as an opposing "written statement" (Prob. Code, § 1080). As so analyzed, the situation is in nowise akin to the case of *Livermore* v. *Ratti*, 150 Cal. 458 [89 P. 327], cited by appellant, where "[n]either the record, nor the recital of the giving of the notice, nor the presumptions in favor of the jurisdiction of the court" could prevail against "evidence" showing that "the giving of an effective notice in the manner . . . recited [was] impossible." Here, the record recites that which was done, such procedure was in accord with the statutory requirements, and accordingly the ensuing heirship decree is not open to jurisdictional objection.

Nor may appellant avoid the binding effect of the first heirship decree because at the time it was filed, his decedent, Eva Effie Jones, was dead and no administrator to represent her estate had, as yet, been appointed. To sustain his position, appellant relies on the following observations appearing in *Garrison* v. *Blanchard*, 127 Cal.App. 616, at pages 619-621 [16 P.2d 273]: "A judgment rendered against a party in an action who dies after its commencement but before the rendition of judgment is voidable and may not be collaterally attacked. A judgment rendered against a party, who died before the action is commenced, is void and may be collaterally attacked [citing authorities] . . . [as] there [is] no defendant over whom the court could acquire or exercise jurisdiction." (See, also, *Conlin* v. *Blanchard*, 219 Cal. 632, 635 [28 P.2d 12].) But such rules have no application to heirship proceedings, seeking the determination of claims of succession to the estate of a decedent. So in the heirship proceeding here, the court undoubtedly had jurisdiction of Ira Wise's estate, including the issue of the status of heirship. Such a proceeding is not an ordinary civil action, but a specialized proceeding in rem. (3 Freeman on Judgments (5th

ed.) § 1537, pp. 3153-3156; *O'Day* v. *Superior Court,* 18 Cal. 2d 540, 544 [116 P.2d 621].) The *res* is the right of heirship and distribution. As to that issue the decree is binding on the whole world. (See cases collected in 11B Cal.Jur. § 1195, p. 664.)

Heirship proceedings are governed by sections 1080-1082 of the Probate Code, outlining a simple and expeditious method for determining who are the rightful heirs of an estate and entitled to the distribution thereof. (*Bales* v. *Superior Court,* 21 Cal.2d 17, 21 [129 P.2d 685].) Section 1080 declares: ''When the time to file or present claims against the estate has expired, but the estate is not in a condition to be closed, *any person claiming to be an heir* of the decedent *or entitled to distribution* of the estate or any part thereof may file a petition setting forth his claim and praying that the court determine who are entitled to distribution of the estate. The clerk shall set the petition for hearing by the court and give notice thereof for the period and in the manner required by section 1200 of this code. *Any person* may appear and file a written statement setting forth his interest in the estate. No other pleadings are necessary and the allegations of each claimant shall be deemed to be denied by each of the other claimants to the extent that they conflict with any claim of the latter.'' (Emphasis added.) Section 1081 provides that ''a trial of the facts must be by jury . . . unless a jury is waived''; and that in the latter event ''the court shall hear the petition and any objection thereto that may have been presented, and shall determine who are the heirs of the decedent or entitled to distribution of the estate and shall specify their interests.'' Section 1082 states: ''When such decree becomes final it shall be *conclusive upon the matters determined* during the remainder of the administration of the estate and upon any subsequent proceeding for distribution.'' (Emphasis added.)

As the reference is above made to section 1200 for the mode of giving notice, the clerk is thereby directed ''to give notice of the petition . . . by causing a notice to be posted at the courthouse . . . at least ten days before the day of hearing, giving the name of the estate, the name of the petitioner and the nature of the application, referring to the petition for further particulars, and notifying all persons interested to appear at the time and place mentioned in the notice and show cause, if any they have, why the order should not be made. . . . Proof of the giving of notice must be made at the hearing;

and if it appears to the satisfaction of the court that said notice has been regularly given, the court shall so find in its order, and such order, when it becomes final, shall be conclusive upon all persons.''

So it has been said that such heirship ''decree [is] conclusive against all persons'' as the ''basis for the decree of distribution which [is] to follow'' (*Estate of Blythe,* 110 Cal. 231, 234 [42 P. 643]); it settles ''the rights of all persons claiming as heirs of the decedent, whether or not they are named in the complaint or personally served with summons'' (*Title & Document Restoration Co.* v. *Kerrigan,* 150 Cal. 289, 307 [88 P. 356, 119 Am.St.Rep. 199, 8 L.R.A.N.S. 682]) and whether or not they were ''individually named in [the] notice . . .'' (*Estate of Blythe, supra,* 110 Cal. 231, 233; see, also, 11B Cal.Jur. § 1200, p. 671; § 1205, p. 676; § 1208, pp. 680-681.) The decree is not one *''in personam* in favor of one of the parties against another.''  (*Edlund* v. *Superior Court,* 209 Cal. 690, 695 [289 P. 841].)  Rather, as founded in a specialized proceeding in rem—''not against persons as such, but against or upon the thing or subject matter itself''— the decree, when rendered, ''is a solemn declaration of the status of the thing, and ipso facto renders it what the [decree] declares it to be.''  (11A Cal.Jur. § 73, p. 135, and cases there cited.)  While it may ''not be questioned that justice and sound policy require that the estates of decedents be distributed to persons rightfully entitled thereto and that every concern and endeavor of a probate court should be to the accomplishment of that purpose,'' that does not mean that a ''valid decree'' determinative of rights ''of distribution . . . when once final, may be disturbed at the behest of any rightful claimant, known or unknown, when the decree was rendered, for it is the well-settled policy of the law to preserve the inviolability of final judgments and decrees of courts of law and equity, and a valid decree of a court of probate partakes of the nature of such judgments.''  (*Edlund* v. *Superior Court, supra,* 209 Cal. 690, 695.)

Applying these principles to the present case, the record shows an in rem proceeding in which notice, pursuant to the statute, was posted and directed to all persons interested, and in which any person claiming to be an heir of Ira Wise was entitled to appear.  Therefore, if Eva Effie Jones was an heir of Ira Wise, then any of her heirs would be persons in-

terested as claimants under section 1080 of the Probate Code and could have participated in the heirship proceeding as it would ultimately affect the distribution of his estate. Accordingly, her interest was not dependent upon presentation through one legally appointed to represent her estate (Prob. Code, § 300), but was open to establishment by William Jones, her surviving husband and sole heir, who, upon such premise and as authorized by said section 1080, had the legal right to seek a distributive share in the Wise estate when the prior heirship proceeding was heard. The record shows, in fact, that he did testify in that proceeding on behalf of Betty and Earnest Bly. Admittedly, his wife, Eva Effie Bly Jones, was the sister of Earnest Bly, so that proof of their relationship to the deceased Ira Wise would be identical as stemming from the same ancestral connection. ■■ Yet in the first heirship proceeding Earnest Bly was declared not to be an heir of Ira Wise. That automatically determined that Eva Effie Jones was likewise not so related. ■■ Section 1080 was designed to obviate useless and unnecessary repetitive hearings. (*Estate of Horman,* 167 Cal. 473, 476 [140 P. 11].)

■■ In short, the record in the present case shows that notice was properly given as found by the court, and the decree in the first heirship proceeding, contrary to appellant's contention, stands as a valid adjudication finally settling the disputed distributive rights in the Ira Wise estate and precludes further litigation of the issues there determined. (*Whalen* v. *Smith,* 163 Cal. 360, 364 [125 P. 904, Ann.Cas. 1913E 1319].)

The judgment and order subject of this appeal are affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.