[No. 7,152.—Department No. 1.]

## NELSON v. McCLANAHAN.

CONTEST OF WILL—UNDUE INFLUENCE—EVIDENCE—RES GESTÆ.—Upon the contest of a will by one of two children of the testator who had been excluded from its provisions, the contestant introduced evidence tending to show that the testator executed the will under undue influence, and a witness of proponent in reply testified that by direction of the testator he made a draft of his will, and that upon reading it to him, the testator objected to the names of the contestant and the other excluded child, and said he would not have them in, which testimony was, upon the motion of contestant, stricken out. *Held*, that the declarations of the testator, if made, constituted part of the *res gestæ*, and that the Court erred in excluding them.

APPEAL from an order refusing probate of an alleged will, and from an order refusing a new trial, in the Probate Court of Colusa County. HATCH, J.

*Hart & McKaig*, for Appellant.

The facts stated by the witness Hallett were admissible as part of the *res gestæ*, as showing the directions of the testator to the person preparing his will, and as showing that the will was drawn and executed according to the wishes of the testator. (1 Redfield on Wills, 542; *Trimmir* v. *Bayne*, 7 Ves. 508, 518.)

*J. C. Chadbourne, Catlin & Hamburger*, for Respondent.

Ross, J.:

Thomas M. McClanahan died June 26th, 1879. For many years prior to the 5th of December, 1876, he had lived with Catharine McClanahan without being married to her, and had by her four children—Samuel, Ellie, Jackson, and Lettie. On the 5th of December, 1876, he married the said Catharine, and on the next day she died. On the 30th of December, 1876, Thomas M. McClanahan executed a document acknowledging each of said children as his own, and declaring them to be legitimate, and that his marriage with Catherine was consummated to make them so.

On the 26th of November, 1877, he married the defendant and appellant *Ellen* McClanahan. September 21st, 1878, he made the will in controversy, by which one-half of his estate

was given to the defendant Ellen, and one-half to his two children Jackson, and Lettie. The defendant was nominated as executrix, and petitioned for the probate of the will. The daughter Ellie McClanahan, now Ellie Nelson, contested its probate, mainly upon the grounds that her father, at the time of executing the alleged will, was not of sound and disposing mind, and that he signed it under duress, menace, undue influence, and fraud. Issues were framed upon these questions, and submitted to a jury, before whom the case was tried. At the trial the contestant introduced a good deal of testimony tending to show that the deceased testator executed the instrument in question under undue influence. Upon the conclusion of the contestant's case, the proponent introduced, among other witnesses, Andrew Hallett, who, after testifying that, in response to a message, he attended the deceased for the purpose of drawing his will, said: "At that time I took a sheet of paper and pencil, and made a memorandum of what he wished to have done. I then went back to my office, two blocks distant, and made a rough sketch of a will, expressing in a rough way what I learned he wanted. I took it over to him, and read it to him, and he objected to some portion of this rough outline, as not being what he intended. Q. (by the proponent).—State what the portions were that he objected to? A.—In the rough sketch I made I inserted the names of four children. I am unable to say, or recall to recollection, how I learned the names of those four children—possibly from him, and possibly from a former will. When I went over to see him the second time I took the rough outline of this will and read it to him. He objected very positively to two of the names in the will which I had inserted there, and said he would not have those names in; that he would not give them anything. Those names were Samuel McClanahan, and Ellie Nelson." The contestant thereupon moved the Court "that the evidence as to objections made by deceased, and the names given, be stricken out, because not in the will, and they cannot be proven by parole." To which the proponent responded that the evidence was "offered as a part of the res gestœ, to show that the will is in conformity with the will of the testator." The Court granted the motion, and struck the testimony out—proponent excepting.

In this ruling there was error. The declarations, if made, constituted a part of the *res gestæ*. If true, they certainly tended to show not only that the deceased was competent to make a will, but also that he was not acting under undue influence. (1 Redfield on the Law of Wills, 3rd ed. pp. 553, 551, 542, and authorities there cited.) The credibility of the witness was a question for the jury, and the proponent undoubtedly had the right to have the testimony, thus excluded, submitted to them. The testimony was not offered, and of course was not admissible for the purpose of determining the construction or effect of the will. No such question was in issue, or could be considered in this proceeding. The error committed was not cured by the subsequent testimony of the witness.

Judgment and order reversed, and cause remanded for a new trial.

McKINSTRY, J., and McKEE, J., concurred.