[No. 7,510.—In Bank.]

## ROBERT WATSON v. HIS CREDITORS.

HOMESTEAD—SUCCESSION.—Under section 4 of the Homestead Act of 1862, the homestead selected by the husband and wife, or either of them, upon the death of either, vests absolutely in the survivor and is subject to his debt subsequently contracted.

ID.—ID.—The fact that the Probate Court, after the death of the wife, sets the property apart as a homestead for the benefit of the surviving husband and children does not affect the question. The purpose and effect of the order is merely to relieve the property from administration, and it does not affect the title.

APPEAL from an order in the County Court of Solano County. BROWN, J.

The order appealed from was an order in insolvency proceedings setting apart certain real estate to the insolvent as a homestead.

*Joseph McKenna,* for Appellant.

Upon the death of Mrs. Watson, in 1876, the property ceased to be a homestead, and vested absolutely in respondent, subject to debts that should be thereafter contracted. (Stat. 1860, 311; Stat. 1862, 519; Civ. Code, § 1265; Code Civ. Proc., § 1474) Watson filed his declaration as a "husband;" if he had filed as "head of a family" other than a husband, his declaration, to have been good, must have complied with the law and stated the facts which made him such. (Statutes of 1860, p. 311; *Ashley* v. *Olmstead,* 54 Cal. 616; *Ames* v. *Eldred,* 55 id. 136.)

*George A. Lamont,* for Respondent.

It would appear that the homestead, having been once declared, can be abandoned only in the manner provided for in sections 1243 and 1260, and would survive to the husband upon the death of the wife whether he continued to be the head of a family or not. (*Revalk* v. *Kraemer,* 8 Cal. 71; *Doyle* v. *Coburn,* 6 Allen, 71; *Santa Cruz Bank* v. *Cooper,* 56 Cal. 339.) No inference can be drawn from section 1265 of the Civil Code, or from section 1474 of the Code of Civil Procedure,

that by excluding debts previously contracted it was the intention to subject the homestead to all debts subsequently incurred. Section 1475 of the Code of Civil Procedure provides for setting aside the homestead, selected during marriage, after the death of the husband or wife, to the persons entitled thereto.

MORRISON, C. J.:

On the 6th day of August, 1872, the plaintiff filed his claim of homestead on certain property described therein, and in the claim he is represented as being a married man. On the 31st day of December, 1876, his wife departed this life, and after the death of the wife Watson contracted certain debts, and the question we are called upon to decide in this case is the following: Is the property subject to the payment of such debts? We think it is. Section 4 of the Homestead Act of 1862 provides that "the homestead property selected by the husband and wife, or either of them, according to the provisions of said act, shall, upon the death of the husband or wife, vest absolutely in the survivor, and be held by the survivor as fully and amply as the same was held by them, or either of them, immediately preceding the death of the deceased, and shall not be subject to the payment of any debts or liabilities contracted by, or existing against the said husband and wife, or either of them, *previous to, or at the time of the death of such husband or wife."* It clearly appears, from the language of the foregoing section, that it was not the intention of the Legislature to exempt such property from the payment of debts contracted by the surviving husband or wife *after* the property had *vested absolutely in the survivor.* The homestead character terminated with the death of either spouse, and there is no reason why such property, like other property owned by the party, should not be subject to the payment of his debts, incurred at a time when the property was not impressed with the character of a homestead. The claim asserted in this case, that after the death of the wife, the surviving husband continued to hold the property as a homestead, for the benefit of himself and children, is not well founded, and can not be maintained.

In the case of *Rich et al.* v. *Tubbs et al.,* 41 Cal. 34, it was

held that since the passing of the Homestead Act of 1862, the children do not inherit any interest in the homestead, but it vests absolutely in the survivor. And to the same effect is the decision in the *Matter of the Estate of Delaney*, 37 Cal. 181. The fact that the Probate Court, after the death of the wife, set the property apart as a homestead, for the benefit of the surviving husband and children, does not affect the question before us.

"The Probate Court in setting apart property which has been dedicated as a homestead, under the Homestead Act, does not change nor transmit the title, nor does it adjudicate the question of title as between the parties who assert the claim to it. The purpose and effect of the order is merely that the property be relieved from administration. * * * The question of title, as between the claimants, is to be determined in another forum." (*Rich* v. *Tubbs*, 41 Cal. 34.)

The law fixes the rights of the parties and the title by which the property is held, and when the statute declares that the title shall vest absolutely in the survivor, no order of the Probate Court could make it the joint property of the husband and children of the husband and wife.

We think that the Court below erred in holding that the property in question was not liable for debts of Watson contracted after the death of his wife, and the judgment must, therefore, be reversed.

SHARPSTEIN, J., and MYRICK, J., concurred.