# In the Matter of the Estate of ROBERT GILMORE, Deceased.

Will — Devise by Husband — Community Property — Presumption. — A testator must be presumed to know the law, that he has no power to dispose by will of his wife's interest in the community property, and not to intend to devise any property over which he had no power of testamentary disposition. A general devise of all the property of which the testator may die possessed, without naming any specific property, applies only to his moiety of the community property.

Id. — Election by Widow — Devise of Community Property. — It is only where there is such a clear manifestation of intent to devise the whole community property as to overcome the presumptions against such a devise that the widow can be put to her election to take under the will, or to take what she is entitled to by law. When there is no such manifest intent, the widow may claim and take both what the law gives her in the community property and also what the will of the husband gives her in the portion thereof subject to his testamentary disposition.

Id. — Evidence — Declarations of Testator — Res Gestæ. — Declarations of a testator made to his executor just before his death, and more than five years after the date of the will, as to what was intended by the will, and who wrote it, constitute no part of the res gestæ, and are not admissible in evidence.

Homestead in Community Property — Setting Apart by Probate Court — Distribution of Estate of Decedent — Succession. — An order setting apart a homestead in the community property pending administration relieves it from administration and excludes it from distribution, but does not affect the title to the homestead; and if no homestead was declared during the existence of the community, the community property vests according to section 1402 of the Civil Code, regulating succession thereto, subject, however, to its temporary use as a homestead under the order of the probate court setting it apart for that purpose.

Appeal from a judgment of the Superior Court of the county of Alameda.

The facts are stated in the opinion.

*F. B. Ogden*, for Appellants.

*Nye & Richardson*, and *J. F. Havens*, for Respondent.

Vanclief, C. — Appeal from decree of distribution under the following provisions of the will: —

"Thirdly.—I give and bequeath to my wife, Elizabeth Gilmore, one half of all my property, both real and personal, of which I shall be possessed at the time of my death, the same to be equitably divided by my executors, giving to her the privilege of taking her half of said real and personal property, if the same can be satisfactorily divided; if not, then the said executors shall sell the same, or such portion as cannot be so divided, and give to my said wife one half the net proceeds of the same.

"Fourthly.—I give and bequeath the remaining half of all my property, both real and personal, of which I may die possessed, to the following persons, to be divided by my executors equitably between them, and each of them, share and share alike."

The persons named, who are to take under this fourth paragraph, are his daughter by a former marriage and her children, and the children of a deceased daughter by the former marriage.

All the property affected by the will was community property of the testator and his wife Elizabeth; and the court below construed the will as giving to the widow, in addition to one half of the community property to which she was entitled by law, an undivided one half of the residue that was subject to the testamentary disposition of the husband. Was this in accordance with the expressed intention of the testator, is the principal question to be decided.

It will be observed that the will does not specifically describe any property, but simply gives to the wife "one half of all my property, both real and personal, of which I shall be possessed at the time of my death."

Conceding that the will is susceptible of two possible constructions,—one, that the testator intended to devise all property of which he should be possessed at the last moment of life, including the whole of the community property over which he had the power of disposition during life; and the other, that he intended to devise

only his property then in his possession, over which alone he had the power of *testamentary* disposition,—still, well-settled rules of construction and presumptions of law require the adoption of the latter construction, which accords with the decree of the lower court.

1. The testator must be presumed to have known the law applicable to the disposition of property by will, and therefore to have known that he had no power to dispose, by will, of his wife's interest in the community property, but only of his own interest therein. (Civ. Code, secs. 172, 1331, 1402; *Morrison* v. *Bowman,* 29 Cal. 347; *Estate of Frey,* 52 Cal. 660.)

2. He must also be presumed not to have intended to devise any property over which he had no power of testamentary disposition, and therefore the will should be read as applying only to his property within such power. (*King* v. *Lagrange,* 50 Cal. 332; *Estate of Silvey,* 42 Cal. 212.) In the latter case it was said: " The devise must be read as applying only to that moiety which was within his testamentary power. A purpose to attempt the disposition, by will, of property which by statute would pass to the wife, as survivor of the matrimonial community upon his death, is not to be readily inferred, especially where, as here, the words employed by the testator may have their fair and natural import by applying them only to that moiety of which he had, by law, the testamentary disposition."

The devise in this case is, "of all my property of which I may die possessed," and not of any specific property. The devise to the wife is not inconsistent with the other devises to the daughter and grandchildren. All the " words employed by the testator may have their fair and natural import by applying them only to that moiety of which he had, by law, the testamentary disposition "; and there is nothing in the circumstances under which the will was made substantially tending to rebut the presumptions above stated. It is only where

there is such a clear manifestation of intent to devise
the whole community property as to overcome those
presumptions that the wife can be put to her election
either to take under the will, or to take what she is en-
titled to by law. (*Morrison* v. *Bowman*, 29 Cal. 347; *Noe*
v. *Splivalo*, 54 Cal. 207; *Estate of Stewart*, 74 Cal. 98.)
But where there is no such manifest intent, the wife may
claim and take both what the law gives her in the com-
munity property, and also what is given her by the will
of her husband in that portion thereof subject to his
testamentary disposition. (*Beard* v. *Knox*, 5 Cal. 252;
63 Am. Dec. 125; *Payne* v. *Payne*, 18 Cal. 301; *Estate of
Silvey*, 44 Cal. 210; *King* v. *Lagrange*, 50 Cal. 331;
*Estate of Frey*, 52 Cal. 658.)

Under the circumstances of this case, the court did
not err in excluding evidence of what the testator said,
just before his death, to his executor, as to what was in-
tended by his will, and who wrote it. ·(Civ. Code, sec.
1318.) The declarations sought to be proved were made
five years after the date of the will, and therefore con-
situted no part of the *res gestæ*. (*Nelson* v. *McClanahan*,
55 Cal. 308; *Estate of Garraud*, 35 Cal. 336.)

The order setting apart the homestead to the widow
relieved it from administration, and excluded it from
distribution (*Estate of Hardwick*, 59 Cal. 292); but it did
not affect the title to the homestead. (*Harrold* v. *Keen*,
58 Cal. 443; *Watson* v. *His Creditors*, 58 Cal. 556; *Estate
of Burton*, 63 Cal. 36.) Under the provisions of the
codes, it is only a homestead selected from the commu-
nity property during the existence of the community
to which the law of title by survivorship applies. (Civ.
Code, sec. 1265; Code Civ. Proc., sec. 1474.) And
therefore, upon the death of the husband, in this case,
the community property vested according to section 1402
of the Civil Code, regulating the succession to such com-
munity property, subject, however, to its temporary use
as a homestead by the family of the widow, under an

order of the probate court setting it apart for that purpose; (Code Civ. Proc., sec. 1465.) But after having been thus set apart, the court had no jurisdiction over it for any purpose of distribution; and therefore there is no apparent error in the decree in respect to the homestead.

I think the decree should be affirmed.

Belcher, C. C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the decree is affirmed.

Hearing in Bank denied.