[Sac. No. 1728. In Bank.—January 11, 1911.]

In the Matter of the Estate of GEORGE ROACH, Deceased. MARTIN WHALEN et al., Appellants, v. JOSHUA B. WEBSTER et al., Respondents.

WILL—CONSTRUCTION—TECHNICAL WORDS.—The words of a will are to be taken in their ordinary sense, unless a clear intention to use them in some other sense appears. Even technical words are not to be taken in their technical sense if the context clearly indicates a contrary intention.

ID.—COMMUNITY PROPERTY—WIFE'S INTEREST IN COMMUNITY PROPERTY. The provisions of the law of this state giving the wife a one-half interest in the community property and depriving the husband of the power to dispose of such moiety by will, except with the consent of the wife, are well known, and are peculiar as compared with the laws of other states. Owing to the fact that this share is given to her absolutely and in this manner, and because of its peculiarity, it has become common usage to describe this interest in community property as that to which the wife is legally entitled under the laws of California.

ID.—BEQUEST AFTER DEDUCTING PORTION TO WHICH WIFE IS ENTITLED.—
Where a testator, who died leaving a surviving wife and a brother
and sister as his only heirs, provided by his will that his property,
all of which was community, should go to his wife during her life
and upon her death, "after deducting the portion to which she is
legally entitled under the laws of the state of California," the
remainder should be equally divided among his brothers and sisters,
or their descendants, according to the laws of distribution, the "re-
mainder" to which the brother and sister are entitled is a one-half
interest in the entire community property, only the other one-half
interest going to the wife's heirs or as she might direct by will or
otherwise.

APPEAL from a judgment of the Superior Court of San
Joaquin County.  Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellants.

Charles H. Fairall, George F. McNoble, Nicol & Orr, John E.
Budd, Arthur L. Levinsky, and W. Goodwin Williams, for
Respondents.

SHAW, J.—This is a proceeding under section 1664 of the
Code of Civil Procedure, to determine the succession to the
estate of George Roach, deceased.

The plaintiff, Margaret Copsey, now deceased, was the sur-
viving widow of George Roach.  He died testate and his will
was duly probated.  His estate consisted entirely of community
property.  The right to succeed to said estate depends upon
the effect of the following clauses of his will:—

"Thirdly:  I give and bequeath to my wife, Margaret Roach,
all and singular my property, real and personal, wherever
situated, and all moneys belonging to me of which I may die
possessed, to have and to hold the same during the full term
of her life for her own proper use, behoof and benefit;

"Fourthly:  It is my desire that on the death of my said
wife, after deducting the portion to which she is legally en-
titled under the laws of the state of California, the remainder
be equally divided among my brothers and sisters, or their
descendants, according to the laws of distribution."

George Roach had only one brother, Thomas Roach, and but

one sister, Ellen Whalen, both of whom are dead. His widow died on December 9, 1907, after this proceeding was begun. The court below decided and adjudged that, under the above provisions of the will, one fourth, only, of the estate vested in the descendants of the said sister and brother of Roach, and that the other three fourths vested in the heirs and grantees of the widow. She had married Fred Copsey after the death of Roach. The descendants of the brother and sister appeal from this adjudication.

The theory of the court below was that, as the husband has not the absolute power of testamentary disposition over what is usually termed the wife's one half of the community property, the provisions of the will, although its language would appear to include and dispose of the whole of the estate, must, under the rules stated in *Estate of Gilmore,* 81 Cal. 242, [22 Pac. 655], be construed to refer only to that moiety which was subject to his testamentary disposal; that, upon his death, one half the community property became the property of the surviving widow, under section 1402 of the Civil Code; that the remaining one half was devised to the widow for her life by the third clause of the will, and that, upon her death the fourth clause gave one half of that half to the descendants of the brother and sister, by direct devise, and the other half to the heirs of the widow, under a devise by implication.

The appellants contend that there is no devise to the heirs of the wife by implication; that when all parts of the will are considered together, as should always be done, it is plain that by the third clause the testator intended to deal with the entire community estate, including it all in the term "my property"; that by that clause he gave to the widow an estate for life in the whole of it; that the phrase, "after deducting the portion to which she is legally entitled under the laws of the state of California," in the fourth clause, must be taken to refer solely to the one half of the community property which by law is given to her absolutely and, consequently, that, upon the death of the widow, the one half of the entire community estate was given by the will to the descendants of the brother and sister, and the other one half, being undisposed of by the will, vested in the heirs and grantees of the widow.

The respondents not only insist that the theory of a devise by implication is a permissible interpretation, but they also

contend that the judgment is correct even if there was no such devise. Admitting, for the sake of argument, that the testator, in each clause of the will, was speaking of the entire estate, and not merely of his disposable half thereof, they say that the above-quoted phrase in the fourth clause means precisely what it says and refers to all that part of the community property which, by the statutes of the state relating thereto, would go to the surviving wife upon the death of the husband, under the circumstances of this particular case, and, hence, they contend, the part to be deducted from the entire estate, in order to ascertain the remainder to be disposed of, was three fourths thereof, and that the "remainder" to go to his brothers and sisters was only one fourth thereof.

It is true, as contended by respondents, that by section 1402 of the Civil Code, in a case where the husband dies leaving no descendants of the descending line, that is no issue, but only kin of the ascending or collateral line, one half of the community property descends, as such, to the surviving wife, and the other half goes in the same manner as the separate property of the husband under section 1386. (*Jewell* v. *Jewell,* 28 Cal. 236; *Estate of Boody,* 113 Cal. 687, [45 Pac. 858].) In this case, if there had been no will, this moiety would have descended, one half to the wife and the other half to the brother and sister of the husband, thus giving the wife three fourths of the entire community property.

But although it may be technically true that the portion of the community to which the wife was "legally entitled under the laws of the state of California," quoting from the fourth clause of the will, was three fourths thereof, it does not necessarily follow that the husband had that fact in mind when he used that phrase in the will, and meant to say that the "remainder" he gave to his brothers and sisters by that clause was only one fourth. The words of a will are to be taken in their ordinary sense, unless a clear intention to use them in some other sense appears. Even technical words are not to be taken in their technical sense, if the context clearly indicates a contrary intention. (Civ. Code, secs. 1324, 1327.) The provisions of our law giving the wife a one-half interest in the community property and depriving the husband of the power to dispose of such moiety by will, except with the consent of the wife, are well known, and are peculiar as com-

pared with the laws of other states of the Union from whence a large part of our population comes. Owing to the fact that this share is given to her absolutely, in this manner, and because of its peculiarity, it has become common usage to describe this interest in community property as that to which the wife is legally entitled under the laws of California. Thus, in common conversation, we speak of this interest as "the wife's half" or as "the wife's share" of the community estate. In writing a formal document, more formal language would be selected. But the reference always is to the law giving her a positive right to one half of such property. Unless the connection in which the words are used indicates a different intent such expressions are understood to mean the one half of the community property which the husband cannot take from the wife by his will. A husband, when drawing his will disposing of community property may be supposed to bear in mind his testamentary power over it. If he intends to except that moiety from the provisions of the will, he would naturally use some expression similar to that last quoted. We think this was what was intended by these words in the fourth clause in the will under consideration. Knowing that his wife was legally entitled to this half, and that he could not take it from her, and perhaps recognizing the justice of her claim to a fee simple therein, in case she survived him, he excepted that part from the ultimate disposition he was then making and gave only the remainder to his brothers and sisters, leaving the widow's half to descend to her heirs, or as she might direct by will or otherwise.

The court below was in error in declaring that the descendants of the brothers and sisters were given only one fourth of the estate. The "remainder" given to them was a one-half interest in the entire community property.

The judgment is reversed.

Angellotti, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.