[Sac. No. 2131.   Department Two.—March 24, 1914.]

## In the Matter of the Estate of CATHERINE ROACH HORMAN, Deceased.

ESTATE OF DECEDENT—PROCEEDING TO DETERMINE HEIRSHIP—INTEREST OF HEIR NOT SUBJECT TO SUBSEQUENT ADMINISTRATION.—Where a proceeding is instituted under section 1664 of the Code of Civil Procedure, to determine and declare the rights of all persons in the estate of a decedent which is still in process of settlement, and the public administrator has notice thereof, the decree therein is conclusive in the matter of the distribution of the estate, and the fact that the interest of one of the parties is, under the will of the decedent, a vested interest, and that such party dies during the pendency of the proceeding, does not make her interest, which the decree awards to her heirs, subject to administration and justify the granting of letters thereon to the public administrator.

APPEAL from an order of the Superior Court of San Joaquin County refusing letters of administration to the public administrator.   Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

C. W. Miller, for Appellant.

W. R. Jacobs, and A. H. Carpenter, for Respondent.

MELVIN, J.—The public administrator of San Joaquin County appeals from an order denying his petition for letters of administration in the Estate of Catherine Roach Horman, Deceased.

George Roach died testate in the county of San Joaquin in 1872.   By his will he gave to his wife, Margaret Roach, a life estate in all of his property.   One of the provisions of his will was in the following language:

"It is my desire that on the death of my said wife, after deducting the portion to which she is legally entitled under the laws of the state of California, the remainder be equally divided among my brothers and sisters, or their decedents, according to the laws of distribution."

George Roach had a brother Thomas who died prior to George's death.   Thomas Roach left two daughters, one of

whom, Johanna Roach Roughan, is still living. The other was Catherine Roach Horman, who died August 2, 1905, leaving issue. George Roach also had a sister named Ellen Roach Whalen, who died June 1, 1903, leaving children. The widow of George Roach, deceased, died December 9, 1907. Meanwhile, in 1904, the children of Ellen Roach Whalen, deceased, together with the children of Thomas Roach, deceased, commenced proceedings, under section 1664 of the Code of Civil Procedure, to determine and declare the rights of all persons to the said estate of George Roach, which was still in process of settlement. Among the parties to that proceeding was George F. Thompson, the public administrator of San Joaquin County, who was the administrator of the estate of Fred Copsey, one of the claimants who had died during the litigation. Catherine Roach Horman also died intestate while said proceeding was pending. Both Catherine Roach Horman and her aunt, Ellen Roach Whalen, were residents of the state of Massachusetts and died there. Their respective estates were administered there. In November, 1908, the superior court of San Joaquin County entered its findings and decree, by the terms of which it was adjudged that the children of Ellen Roach Whalen, together with Johanna Roach Roughan and the heirs of Catherine Roach Horman, deceased (the said Johanna Roughan and Catherine Horman being children of the brother of George Roach) were the devisees and heirs at law of George Roach, deceased, entitled under his will to take his estate and to have distributed to them an undivided one-half of the property remaining in the estate. The court in the present proceeding found that the public administrator, the petitioner, was barred by the proceeding under section 1664 of the Code of Civil Procedure, because his predecessor in office had actual notice thereof. There was also a finding that the decree in the proceeding under section 1664 of the Code of Civil Procedure was "conclusive against the whole world, including the public administrator." The court therefore denied the petition of the public administrator for letters in the estate of Catherine Roach Horman.

Appellant insists: 1. That the remainders under the will were vested remainders and therefore that Catherine Horman's part thereof became a portion of her estate on her death; 2. That there is no estoppel because no one was legally

authorized to represent her estate in the proceeding under
section 1664 of the Code of Civil Procedure; and, 3. That
administration in her estate cannot legally be dispensed with.

It is unnecessary to follow learned counsel in their discus-
sion of the meaning of the will. Whether the interest of
Mrs. Horman was vested or contingent is of no moment what-
ever. She chose to apply for an adjudication of her rights
and the court entered a decree establishing her interest. It
is true that she died during the period in which the proceed-
ing was pending and it is not shown by the transcript before
us whether her administrator was substituted for her upon
the record or not, although it does appear that her husband
had been appointed administrator of her estate by proper
authority of the commonwealth of Massachusetts. Respond-
ents' counsel assert in their brief that such substitution was
made, while the representative of appellant makes a contrary
declaration. We must assume that the proceeding was regu-
lar in all respects, and against an attack of this sort must
hold that the court was clothed with jurisdiction to enter the
decree establishing heirship. Therefore the decree and not
the will must be the controlling factor in determining the
manner of distribution of the estate. Under the terms of
section 1664 of the Code of Civil Procedure, the determina-
tion of heirship as therein provided shall be conclusive in
the distribution of the estate. It therefore makes no differ-
ence what the intent of George Roach may have been or
whether the language of his will, which we have quoted, oper-
ated to create a vested or a contingent remainder. The
court's decree must control in the distribution of his estate.
(*Jewell* v. *Pierce*, 120 Cal. 83, [52 Pac. 132]; *Luscomb* v.
*Fintzelberg*, 162 Cal. 439, [123 Pac. 247], and cases cited.)
The public administrator was a party to the proceeding in
*Whalen* v. *Webster*, 159 Cal. 260, [113 Pac. 373] (which was
considered in *Whalen* v. *Smith*) and the judgment in that
case long ago became final. As pointed out in the opinion
of Mr. Justice Shaw, "no appeal was taken from the part
declaring that the plaintiffs were persons entitled as descend-
ants of the brother and sister to take as devisees under the
will." (*Whalen* v. *Smith*, 163 Cal. 365, [Ann Cas. 1913E,
1319, 125 Pac. 904]. (See, also, *Estate of Roach*, 159 Cal.
261, [113 Pac. 373].) This collateral proceeding must accord-

ingly fail. The only estate sought by petitioner to be subjected to administration was Mrs. Horman's alleged interest in her uncle's estate. But the final and solemn adjudication of the court in *Whalen v. Smith* is that she had no interest and that the part which she would have received had she survived the widow of George Roach must be distributed to her heirs. It is not alleged or contended that the administration by the public administrator would or could result in anything but the obtaining for the heirs of Mrs. Horman exactly the interest in the estate of Roach which would be theirs under the decree in *Whalen v. Webster* (considered in *Whalen v. Smith*)—minus the costs of administration in the *Estate of Horman.* We think that section 1664 of the Code of Civil Procedure was passed for the very purpose of obviating such useless proceedings as that contemplated by the public administrator.

The order denying the prayer of the petition is therefore affirmed.

Henshaw, J., and Lorigan, J., concurred.