[Civ. No. 4282.   First Appellate District, Division Two.—September 11, 1922.]

## PHILIPP SANFILIPPO et al., Respondents, v. IRVING LESSER et al., Appellants.

[1] NEGLIGENCE—OPERATION OF AUTOMOBILE BY WIFE — OWNERSHIP BY HUSBAND—LIABILITY ON THEORY OF AGENCY—BURDEN OF PROOF.— In an action against a husband and wife to recover damages for the death of a person caused by the negligent operation by the wife of an automobile owned by the husband where the husband was not present at the scene of the accident and could be charged with the negligence, if any, of his wife only upon the theory of an agency between them, the burden of proof on the issue of agency was on the plaintiff.

[2] ID.—EVIDENCE—REBUTTAL OF PRIMA FACIE CASE OF AGENCY.—The *prima facie* case of agency made out in such an action by proof of ownership of the automobile by the husband and its permissive use by the wife was overcome by uncontradicted evidence to the effect that the wife had used the car to drive to her mother's home and had taken her mother·down-town to do some shopping and then for a drive through the park, and that her husband was at his office at the time.

[3] ID.—LIABILITY OF HUSBAND—ERRONEOUS INSTRUCTION.—An instruction in such an action that the husband was liable in damages for any injury or death occasioned by the negligent operation of the automobile by his wife, if it were found that he owned the car and authorized and permitted his wife to use it, was erroneous.

[4] ID.—DAMAGES AGAINST WIFE — INSUFFICIENCY OF EVIDENCE. — In such an action, an allowance of damages is not only unwarranted

---

3.  Liability of owner for injuries by automobile where spouse of owner is using car, notes, Ann. Cas. 1917E, 228; 5 A. L. R. 232; 10 A. L. R. 1452; 14 A. L. R. 1088.

4.  Presumption and burden of proof as to pecuniary loss in a death action, note, L. R. A. 1918C, 1056.

against the husband, but also against the wife, in the absence of any evidence as to the mode of living of the deceased and the plaintiffs and as to their relations and pecuniary advantage one to the other.

[5] ID.—APPEAL—DAMAGES—INSUFFICIENCY OF EVIDENCE—RECORD—REVIEW NOT PRECLUDED.—On appeal from the judgment in such an action, the appellate court is not precluded from examining the record for evidence on the question of damages because it is not specified as one of the particulars wherein the evidence is insufficient to justify the verdict, where the defendants raised the same question in their objection to the giving of certain instructions upon the matter of the elements of damages that might be allowed by the jury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Reversed.

The facts are stated in the opinion of the court.

Hartley F. Peart and Gus L. Baraty for Appellants.

Harry I. Stafford for Respondents.

LANGDON, P. J.—This is an appeal by the defendants from a judgment for two thousand five hundred dollars, rendered upon a verdict of a jury in an action by the heirs of Carmela Sanfilippo to recover damages alleged to have been suffered by them by reason of the negligence of defendants in operating an automobile, which negligence, it is alleged, resulted in the death of said Carmela Sanfilippo.

· The complaint alleged that the defendants were husband and wife; that on the ninth day of July, 1919, said defendant Irving Lesser was the owner of a certain automobile which he purchased, possessed, and maintained for the comfort, pleasure, and enjoyment of himself and his wife, said defendant Ruth Lesser; that the said defendant Ruth Lesser on the ninth day of July, 1919, was allowed, permitted, and authorized by said Irving Lesser to use and operate said automobile for her pleasure, and that the said defendant Ruth Lesser was driving said automobile with · the knowledge, consent, and authority of her said husband, and in pursuance of the purposes for which he bought, possessed, and maintained the same; that on said ninth day

of July, 1919, said defendant Ruth Lesser, with the consent and authority of said defendant Irving Lesser, drove and operated said automobile along said Ellsworth Street at a rate of speed of about thirty-five miles an hour, and while so doing failed and neglected to keep said automobile under control, with the result that she drove and operated the said automobile from the roadway of said street, upon and along the sidewalk thereof, and struck said Carmela Sanfilippo, who was then and there walking along the sidewalk of said street; that said automobile struck said Carmela Sanfilippo with great force and violence and that she thereby sustained injuries which caused her death.

A demurrer was interposed to the complaint upon the ground, among others, that it did not state a cause of action against the defendant Irving Lesser. The demurrer was overruled and answer filed, which denied, substantially, all the allegations of the complaint.

[1] There was absolutely no proof made by the plaintiff that the defendant Ruth Lesser was acting as the agent of Irving Lesser in driving the automobile. It was not disputed that the defendant Irving Lesser was not present at the scene of the accident, and he could be charged with the negligence, if any, of his wife only upon the theory of an agency between them. The burden of proof upon the issue of agency was on the plaintiff. (*Fahey* v. *Madden,* 56 Cal. App. 593 [206 Pac. 128, 209 Pac. 41].) [2] Conceding that the proof of the ownership of the automobile by defendant Irving Lesser and the permissive use of it by his wife made out a *prima facie* case of agency, that case was based merely upon a possible inference that might be drawn by the jury, and when the defendant introduced evidence, which stands in the record uncontradicted, to the effect that Mrs. Lesser had used the car to drive to her mother's home and had taken her mother down-town to do some shopping and then for a drive through the park, and that her husband was at his office at the time, plaintiff's *prima facie* case of agency was overcome by such direct and positive testimony. (*Fahey* v. *Madden,* 56 Cal. App. 593 [206 Pac. 128, 209 Pac. 41]; *Brown* v. *Chevrolet Motor Co.,* 39 Cal. App. 738, 741 [179 Pac. 697].)

Under this state of facts, the case is within the rule announced in the case of *Spence* v. *Fisher,* 184 Cal. 209 [14

A. L. R. 1083, 193 Pac. 255], wherein it is said: "But it seems to us that it cannot reasonably be held that a member of the family using a car so provided, kept, and maintained by the father for the pleasure and convenience of his family, solely on his own mission for his own personal pleasure or convenience, is acting for his father or is engaged on the father's business, notwithstanding that such use was one of the purposes for which the car was provided and maintained. In such a situation we would have simply a permissive use of the father's car by another, solely on that other's business, practically the same use of the owner's automobile that is had by one not a member of his family to whom he loans it for such third party's use or enjoyment, the only difference being that in the latter case the car is not provided, kept, and maintained by the owner for the purpose of allowing others to use it. It seems to us that this is an immaterial factor." (See, also, *Hill* v. *Jacquemart*, 55 Cal. App. 498 [203 Pac. 1021].)

[3] The instruction of the trial court to the jury that "if you find that the automobile in this case was owned by Irving Lesser and that the said Irving Lesser kept and maintained said automobile and authorized and permitted the use of it by his wife, Ruth Lesser, then and in that event Irving Lesser is liable in damages for any injury or death occasioned by the negligent operation of the said automobile by his said wife Ruth Lesser," was erroneous. The motion of the defendant Irving Lesser for a directed verdict should have been granted. The judgment against him cannot stand.

[4] As to the judgment against Ruth Lesser, numerous objections are urged, but a consideration of the first one called to our attention is decisive of this appeal. That is, that there is not a scintilla of evidence upon which the jury could arrive at an estimate of the pecuniary damages of the plaintiffs. The statute limits damages in a case like the present one to such an amount as under all the circumstances of the case may be just. (Sec. 377, Code Civ. Proc.) The damages allowable must depend upon the circumstances of the particular case. (*Bond* v. *United Railroads*, 159 Cal. 270 [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366].) The allegations of the complaint, in the present case, upon the subject of damages

are: "That by reason of the negligence of said defendants as aforesaid, the plaintiff, Phillip Sanfilippo, on account of the loss of services of his said wife and the help and comfort of her society and companionship, and the plaintiffs Salvatore Sanfilippo, Mamie Mercurio and Josephine Sanfilippo on account of the help and comfort and loss of companionship of their said mother have been damaged in the sum of twenty thousand dollars."

In the case of *Bond* v. *United Railroads*, 159 Cal., at page 286 thereof [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 373], it is said: "It is not necessary to specifically allege the loss of society, comfort, protection, or services. Evidence could be given of the facts relating thereto and allowance could be made therefor under the general allegation of damages." But let us search the record in the present case for any evidence at all upon which to base an allowance of damages for loss of society and companionship. The first witness called by plaintiffs was Josephine Sanfilippo. She testified that she was seventeen years old; that her mother was Carmela Sanfilippo, who was killed on July 9, 1919, in an automobile accident. She continued: "My father's name is Philipp Sanfilippo. He is sixty-two years of age and resides in San Francisco. My sister's name is Mamie Mercurio. She is thirty-six years of age and resides in San Jose. My brother's name is Salvatore Sanfilippo. He is between thirty-three and thirty-four years of age and resides in San Jose. My brother Salvatore Sanfilippo is married. My sister Mamie Mercurio is also married. My mother at the time of her death was about fifty-four years old."

The next witness was Constantina Mercurio. She described the accident, which she witnessed while sitting in her mother's store. She stated that deceased was her grandmother. Salvatore Sanfilippo testified that his mother was killed in the accident under consideration; that he lived in San Jose; that he arrived at the scene of the accident about twenty minutes after it occurred and examined the automobile; that his mother was fifty-three years old and his father was living.

This testimony includes all of the plaintiffs' case, and it appears therefrom that there is no evidence that Philipp Sanfilippo, the husband, was living with deceased at the

time of her death or that her society was of any pecuniary value to him or that she rendered any services to him. It appears that plaintiffs Mamie Mercurio and Salvatore Sanfilippo were married and did not reside with deceased. There is no evidence that they suffered the slightest pecuniary loss by her death. As to the minor child, seventeen years of age, there is also no evidence that she resided with her mother, and not the faintest suggestion that she suffered any pecuniary loss by her death. It is always to be borne in mind that no recovery can be had for grief, sorrow, and mental suffering of the heirs of deceased.

The unequivocal holding in the recent case of *Parsons* v. *Easton,* 184 Cal. 764 [195 Pac. 419], compels a reversal of the judgment in the present case, because there is not a particle of evidence to support an allowance for damages. On the question of the necessity of evidence tending to show circumstances indicating a pecuniary loss to surviving heirs in a case such as this one, the court said in the above-cited case: ''It is also held that in addition to the pecuniary loss arising from deprivation of direct financial assistance or services, while nothing can be allowed for grief, sorrow, and mental suffering of the heirs of a person whose death is caused by negligence, additional damages may be given where the 'circumstances' referred to in section 377 indicate that there may be a pecuniary loss to a parent from the death of a child or to a wife from the death of her husband arising from the deprivation of the 'society, comfort, and protection' of such child or husband. (*Beeson* v. *Green Mountain G. M. Co.,* 57 Cal. 38; *Munro* v. *Pacific Coast etc Co.,* 84 Cal. 525 [18 Am. St. Rep. 248, 24 Pac. 303].) But this is not a universal right existing in every case. It is allowable only where the 'circumstances' show a reasonable probability that the 'society, comfort, and protection' afforded to the surviving parent or wife was of such a character that it would be of pecuniary advantage to the parent or wife, and that a deprivation thereof would entail a pecuniary loss to them. Thus in the Beeson case the court said: 'The loss of a kind husband might be a considerable pecuniary loss to a wife; she loses his advice and assistance in many matters of domestic economy.' Manifestly no allowance can be made because of a possible loss arising from circumstances which do not appear from the evidence and

which rest upon conjecture or imagination. The evidence in this case does not show circumstances indicating that the society, comfort and protection of the son had been of any appreciable pecuniary advantage to the plaintiffs, or any reasonable probability that it would be so in the future. It may be that they dearly loved him and that they loved him the more because of his infirmities and helplessness. But it is pecuniary loss only, and not the loss of an object of love and affection that the law recognizes as ground for allowing damages to the heirs of one whose death has been caused by the negligence of a third person.''

In the absence of any evidence as to the mode of living of the deceased and the plaintiffs, and as to their relations and pecuniary advantage one to the other, there is no justification for the allowance of any damages, which must take account only of pecuniary loss. Because of this, the case must go back for a new trial.

[5] Respondents do not contend that there is any evidence justifying an award of damages, but seek refuge in the position that this court is precluded from examining that question because it is not specified as one of the particulars wherein the evidence is insufficient to justify the verdict. While it is true that defendants did not specify that the evidence was insufficient in this particular, as they should have done (sec. 648, Code Civ. Proc.), they raised the same question in their objection to the giving of certain instructions by the trial court upon the question of the elements of damages that might be allowed by the jury. It is urged that these instructions were improperly given because there was no evidence upon that subject before the jury and instructions upon the matter, in the absence of any evidence, misled the jury into believing that a proper showing had been made by the plaintiffs, and that the court should not have instructed upon matters not touched upon by the evidence. This objection is urged upon appeal, and, in passing upon it, we are compelled to examine the record for evidence upon the question of damages, with the result heretofore stated. It is not the policy of the appellate courts of this state to foreclose substantial rights of appellants upon technical grounds where they are empowered to reach a decision in any manner upon the merits. We are of the opinion that the instructions complained of were im-

proper in view of the record, which contains no evidence sufficient to warrant an award of damages to plaintiffs. We must conclude that these instructions misled the jury into awarding damages because there is nothing in the evidence to explain the verdict.

There are numerous other matters urged by appellants for a reversal of the judgment, but they are not such matters as are likely to recur upon a new trial. It is, therefore, unnecessary to pass upon them in this opinion, as the judgment must be reversed as against both defendants for the reasons mentioned herein. It is so ordered.

Nourse, J., and Sturtevant, J., concurred.