[Civ. No. 14501. Second Dist., Div. Three. Mar. 6, 1945.]

Estate of JOHN BASSO, Deceased. W. FRANK SHELLEY, Appellant, v. KATIE BASSO, as Executrix, etc., Respondent.

Arthur E. Briggs for Appellant.

George G. Witter for Respondent.

SHINN, J.—This is an appeal by W. Frank Shelley from a decree of distribution by which all of the property which was found to belong to the estate of John Basso, deceased, was determined to be community property and was distributed to his widow, Cattarina Basso. Appellant was in court as the assignee of a 20 per cent interest in a share of the estate claimed by decedent's daughter, Jennie V. Geisler.

Decedent by his will left all of his estate to his wife. He failed to name his daughter and his son in the will or to declare his intention not to provide for them, and the daughter had claimed in earlier proceedings the rights of inheritance which she would have enjoyed if her father had died intestate. The will was duly admitted to probate and Cattarina was appointed executrix. She filed a petition to establish the fact of John Basso's death, in which she described ten parcels of property, both real and personal, and alleged that they were held in joint tenancy by her husband and herself. After notice of the hearing the court rendered a judgment on May 22, 1941, granting the petition and reading in part as follows: "It is ordered, adjudged and decreed by the court that John Basso died on the 13th day of November, 1940. The property

owned by Cattarina Basso, also known as Katie Basso and Catherin Basso, and decedent as joint tenants is described as follow: [Here a description of the ten parcels]." Thereafter, the daughter filed a petition to determine heirship, alleging that she and her brother were not named in the will and, with the widow, were entitled to inherit the estate, and praying that the court determine to whom distribution should be made. A hearing was had upon the petition, at which the daughter and the widow were represented, evidence was introduced and findings, conclusions and a judgment were made and entered by which it was determined that certain property, which was particularly described and which we shall refer to as the estate property, was community property of the decedent and Cattarina and that Cattarina was entitled to distribution of the whole thereof. The description listed the property substantially as returned in the inventory but did not include any of the property described in the joint tenancy petition and order; the judgment declared that the court had no jurisdiction to make a determination as to the titles to those properties and no adjudication was made. The daughter attempted to appeal from this decree but she failed to perfect her appeal and it was dismissed in the Supreme Court. In that proceeding appellant sought leave to prosecute the appeal on his own behalf as assignee of a share of the daughter's claimed interest, but his application was denied. In due course the executrix filed her final account, report and petition for distribution, charging herself with the estate as inventoried and as described in the findings in the proceedings to determine heirship. When the matter came on for hearing appellant presented objections and sought to have distributed to him as such assignee one-fifth of one-third of the estate. At the conclusion of the "objector's" case the court made an order denying the objections of appellant, settling the account and distributing to the widow certain specifically described property, being the property described in the final account. No adjudication was made or attempted with respect to the joint tenancy property.

Appellant's record on appeal is presented by what is labeled "Appeal from Decision of the Superior Court in the Above-entitled Matter under Rule 6, Rules of Appeal." It is in the form of an agreed statement, prepared without supervision or certification by the trial judge. It contains a copy of the

final account and petition for distribution and the objections of appellant thereto. It purports to set forth certain proceedings had at the time of the hearing. It recites that appellant offered in evidence his written assignment; presumably it was received in evidence. The statement then reads: "Thereupon said attorney for objector made offer of proof, to-wit: that the estate of John Basso, deceased, consists of the following property, to-wit; [Here are listed all of the several joint tenancy properties and the estate property heretofore mentioned, and in addition one parcel of real property which was not elsewhere described in the proceedings]." The "objector" then offered in evidence the findings, conclusions and judgment in the proceeding to determine heirship, and the bill of exceptions which was settled upon the appeal attempted to be taken from the judgment in that proceeding, including specifications of error on that appeal. Copies of these documents, with the exception of the judgment in the heirship proceeding, are contained in the statement. The statement then recites: "Thereupon the court sustained the objection in behalf of the executrix to the introduction of evidence on the part of said objector W. Frank Shelley and denied the aforesaid offer of proof by said objector and gave judgment for and in behalf of said executrix in words and figures following, to-wit: [copy of the decree of distribution]." Also included in the statement are certain documents which were not offered in evidence at the trial, namely, the notice of appeal from the decree determining heirship, a memorandum opinion of the judge in that proceeding, the notice of appeal from that judgment, notice of motion to dismiss the appeal in the Supreme Court, clerk's certificate on the motion, points and authorities on the motion, notice of motion of appellant herein for leave to prosecute that appeal, an answer to the motion to dismiss, remittitur, and a copy of the decree establishing the fact of death in the joint tenancy matter. The statement on appeal ends with the following: "The foregoing statement is hereby stipulated to be correct. [Signatures of attorneys for the parties to the appeal.]" The statement does not recite that it contains a record of all the proceedings had upon the hearing; it shows that the account, report and petition for distribution were duly verified by the executrix but does not state whether evidence was or was not introduced on her behalf. Although the

implication of the stipulation is that the statement presents a full and accurate account of the trial, we initiated a proceeding for the taking of additional testimony on the appeal, in the hope that the record might be supplemented so as to present the matters in controversy on the merits, but our efforts were unavailing and we are obliged to dispose of the appeal upon the record now before us which shows nothing whatever as to the nature of appellant's proposed proof. It would appear that appellant offered to prove "that the estate of John Basso, deceased, consists of the following described property, to-wit: [listing all of the property described in the proceeding to establish the fact of death and all of the property which was found to be community property in the proceeding to determine heirship]." Appellant then offered in evidence a record of the proceedings in the matter to determine heirship which had resulted in a determination against the interest which he claimed. It may be inferred that an objection was made upon some ground on behalf of the executrix, since it appears that an objection was sustained. It appears that the court denied "the aforesaid offer of proof," although it does not appear that an objection was made to the offer. Appellant apparently offered the record in the heirship proceeding for the quaint purpose of setting it up as a target. His briefs are devoted in large part to an attack upon the sufficiency of the evidence to justify the findings and the sufficiency of the findings to justify the conclusions of law and the decree in that proceeding. He attempts to argue upon this appeal the merits of the appeal which was dismissed in the former proceeding. He does not question the jurisdiction of the court in the heirship proceeding to make the adjudication that was made therein. As the record of that proceeding was excluded at the trial we do not pass upon the effect of it. Its exclusion was advantageous to appellant.

With reference to the offer of proof, insofar as it related to the joint tenancy property, it would appear to have been assumed, in the hearing on the petition for distribution, either that the court had no jurisdiction in that proceeding to determine the question of title as between the estate and the widow to the properties claimed by the widow as surviving joint tenant, or that the decree establishing the fact of death was an adjudication as between the estate and the widow that the latter held title to the several parcels of real and personal

property as surviving joint tenant. This is the only point which is properly before us on the appeal.

The executrix in her final account did not return as belonging to the estate any of the properties allegedly held in joint tenancy. From appellant's objections to the account it is difficult to determine whether he was attempting to put in issue the title to those properties and to require the executrix to account for them as properties of the estate. We may assume, however, that appellant thought he was raising that issue when he prayed for distribution to him of "20% of one-third of said estate" and "that all of said estate be adjudged to be the separate property of decedent" in view of his offer to prove that the estate consisted of all of the properties which we have mentioned. We think we should assume that an attempt was made to place those matters in issue, because if an objection had been made that they were not in issue appellant might have been prompted thereby to amend his objections.

A proceeding for distribution is a proper one for the determination of questions of title to properties in which the testator had an interest and which are claimed by the executor as his own, adversely to the estate. It was the duty of respondent, as executrix, to account for all property of the estate. The property alleged to have been held in joint tenancy consisted of two parcels of real property in the county of Los Angeles, one promissory note secured by deed of trust, six bank accounts, and personal property constituting the equipment of a gas station. Decedent admittedly owned an interest in all of them during his lifetime. They came into the possession of the executrix upon the death of her husband. When she filed her final account and did not charge herself with any of the properties and the issue was raised, it was necessary for the court to determine whether she held all or any of the properties as executrix and for the benefit of the estate. This inquiry would have required a determination as to the nature of decedent's interest, whether the properties were held by him and his wife as joint tenants or otherwise. (*Best* v. *Coloneus* (1942), 56 Cal.App.2d 285 [132 P.2d 260], and cases therein cited.)

A judgment establishing the fact of death in a proceeding under sections 1170 and 1175 of the Probate Code is not an adjudication of title. Under section 1174 it is only prima facie evidence of the fact of the death. It is not a judg-

300

ment from which an appeal may be taken under section 1240 of the Probate Code.

In further proceedings appellant should be allowed to amend his objections to the account and petition for distribution; a determination should be made as to whether Jennie V. Geisler inherited any property from her father, and in this connection the court should consider the effect of the findings and judgment determining heirship. A determination will also be required as to whether the estate has any interest in the properties claimed by the widow as surviving joint tenant.

The order settling the account and for distribution is reversed, without costs to either party.

Desmond, P. J., and Wood (Parker), J., concurred.