[Civ. No. 15723.   Second Dist., Div. Two.   May 20, 1947.]

Estate of JOHN BASSO, Deceased.   W. FRANK SHELLEY, Appellant, v. KATIE BASSO, as Executrix, etc., Respondent.

W. Frank Shelley, in pro. per., and Arthur E. Briggs for Appellant.

George G. Witter for Respondent.

WILSON, J.—A mere statement of the principal object of this appeal will indicate the result that must follow.   Appel-

lant makes a collateral attack on a judgment that has long since become final and asks this court to review the proceedings and to rule upon the admissibility and sufficiency of the evidence introduced at the trial.

This is the second appeal by W. Frank Shelley from an order settling final account and for distribution. He asserts an interest in the estate by reason of an assignment from Jennie V. Geisler, a daughter of decedent, of 20 per cent of the share of the estate claimed by her. On the former appeal the order settling account and for distribution was reversed with directions that a determination be made (1) as to whether Jennie V. Geisler inherited any property from her deceased father, and in this connection to consider the effect of the previously made findings and judgment determining heirship; (2) as to whether the estate has any interest in the properties claimed by the widow as surviving joint tenant. (*Estate of Basso*, 68 Cal.App.2d 294 [156 P.2d 476].) Reference is made to that opinion for a statement of facts except such additional matters as are necessary for the determination of the present appeal. After the decision on the former appeal appellant filed amended objections to the final account and petition for distribution on which the trial was had.

Prior to the decree of distribution from which the former appeal was taken Jennie V. Geisler, through her attorney, appellant W. Frank Shelley, filed a petition to determine heirship. After a hearing at which all interested parties were represented the court found among other things that decedent left surviving his widow, Katie Basso, sometimes referred to in the probate proceedings as Catterina Basso and Catherine Basso, a son, Charles Basso, and a daughter, Jennie V. Geisler, both adults and both born of the marriage of decedent and Katie Basso; that the greater portion of decedent's holdings at the date of his death were joint tenancy properties, both real and personal; that all the properties subject to probate were acquired as the product of the labor of decedent and his spouse during coverture. As conclusions of law the court found that it was without jurisdiction to make an order in the heirship proceedings with reference to properties held in joint tenancy, or to pass on the validity of the joint tenancies; that the properties subject to probate were for all purposes of succession community property under the laws of this state; that by reason of decedent's will and the provisions of section 201.5 of the Probate Code the surviving

widow was entitled to inherit all properties of the estate; that
Charles Basso and Jennie V. Geisler were pretermitted heirs
of decedent.

Appellant has failed, whether through oversight or de-
sign we know not, to include in the record on this appeal the
judgment rendered in the heirship proceeding against which
his attack is directed. It was in the record on the former
appeal ''as a target'' but the target is invisible in the record
before us. We learn from the former opinion (p. 296) that
judgment was entered in accord with the findings of fact and
conclusions of law determining that the widow was entitled
to all property that was subject to probate. We learn also
from the opinion that Jennie V. Geisler attempted to appeal
from the decree but that her appeal was dismissed in the
Supreme Court.

In the present appeal, as in the former, the greater portion
of appellant's brief is devoted to an argument on the merits
of the judgment rendered in the heirship proceeding and the
merits of the appeal that was dismissed. He contends that
the evidence was insufficient to sustain the findings on which
the judgment was based and that the court committed errors
in the admission of evidence and in rendering the judgment.
Without bringing an action to set aside the five-year-old
judgment in the heirship proceedings on some tenable ground
he argues that that portion of the judgment declaring the
property to be community property was error and that it
should be disregarded on this appeal because something may
be found in the evidence introduced at the last trial that
may more or less vaguely indicate that a different judgment
might have resulted.

Anomalously appellant admits that the judgment is res
judicata as to some of the matters adjudicated but contends
to the contrary as to others. Although he filed the petition
to determine heirship as attorney for Jennie V. Geisler and
represented her at the hearing thereon he contends that he
is not bound by those portions of the findings and judgment
that are against his interest and that he may, nearly five years
after its entry, relitigate issues that were determined finally
by the judgment.

The dismissal of the appeal from a judgment amounts to
an affirmance of the judgment. (Code Civ. Proc., § 955.)
An heirship proceeding is *in rem*. (*O'Day* v. *Superior
Court,* 18 Cal.2d 540, 544 [116 P.2d 621]; *Estate of Horman,*

167 Cal. 473, 475 [140 P. 11] ; *Blythe* v. *Ayres,* 102 Cal. 254, 258 [36 P. 522].)  ▮  The judgment having become final, · it is conclusive as to all parties before the court and their privies and is res judicata as to all matters determined by it. Jennie V. Geisler as principal and appellant as her attorney, having initiated the proceeding and having participated in the hearing, both are concluded by the judgment. The end to litigation is reached when a judgment has become final. It is elementary that when matters are once determined by final judgment they are not subject to further inquiry except by direct attack on the judgment on the ground of fraud or for other reasons not suggested on this appeal.

Upon the last trial, resulting in the judgment from which this appeal is taken, the court made findings that the petition for determination of heirship was filed on October 2, 1941, by Jennie V. Geisler; that she was represented by appellant; that a hearing thereon was had and evidence introduced; that findings of fact as hereinbefore outlined were made and a decree thereon was entered determining heirship. As conclusions of law the court found that the decree was res judicata; that Jennie V. Geisler and Charles Basso were not entitled to receive any part of the properties listed in the inventory in the probate proceedings; that all were distributable to the widow. The court also found that all properties claimed by the widow to have been held in joint tenancy by herself and her deceased husband were in fact so held and that she was the owner thereof as surviving joint tenant. Judgment was entered accordingly.

With reference to a bank account in the Somerville Trust Company of Massachusetts, the court found and adjudged that $5,000 thereof was distributable to the surviving widow and that as to the remainder, $435.54, Jennie V. Geisler and Charles Basso, as pretermitted heirs, were entitled to one-third each. Appellant contends that the evidence was insufficient to sustain the finding that the widow is entitled to the sum of $5,000 but that each of the surviving children is entitled to one-third of the entire amount. It is unnecessary to outline the evidence introduced. It is sufficient to say that it supports the findings and judgment. Appellant refers in his brief to an alleged deposition of an officer of the trust company. The deposition is not in the record and since we must look to the record and not to the briefs for

the evidence we have no judicial knowledge of its existence or its contents.

All issues required by the decision on the former appeal to be determined have been adjudicated and we find no error.

Order affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied June 5, 1947, and appellant's petition for a hearing by the Supreme Court was denied July 17, 1947.