[Civ. No. 17284.   First Dist., Div. One.   Oct. 3, 1958.]

MARIE A. LePLEUX (PY), Appellant, v. ETHEL APPLE-GATE, Respondent.

*Assigned by Chairman of Judicial Council.

Marie A. LePleux (Py), in pro. per., for Appellant.

No appearance for Respondent.

BRAY, J.—This is an appeal by Marie A. LePleux (Py) from an order discharging an order to show cause to set aside a joint tenancy.

The appellant obtained title to the subject property on the death of her mother in 1938. She failed to make payments on a promissory note secured by a deed of trust which was on the property. As a result, the property was sold by a fore-closure or trustee's sale on July 28, 1943. Subsequently, the appellant sought to set aside the sale. Judgment against her was affirmed in *Py* v. *Pleitner* (1945), 70 Cal.App.2d 576 [161 P.2d 393].

Sometime later the Applegates (Donald and Ethel) became owners of the property or a portion of it in joint tenancy. Upon the death of Mr. Applegate, a proceeding was instituted by Mrs. Applegate, in June of 1954, to establish the fact of death and to terminate the joint tenancy under Probate Code, section 1170 et seq. A judgment in that proceeding establishing the fact of death of Donald Applegate and ter-minating any interest he had in the property was entered on June 11, 1954. On August 5, 1954, appellant filed an "ORDER ON MOTION & ORDER ON MOTION TO ARGUE AND SHOW CAUSE JOINT TENANCY deed." That document alleges title in appellant; that the property was taken from her by fraud, by collusive action of a great number of people, and asks that the joint tenancy be set aside and the property be vacated and the proceeding transferred to the United States Supreme Court.

Mrs. Applegate filed a motion, on September 8, 1954, to dismiss the "petition to set aside joint tenancy and decree" on the ground that the petition was in the nature of a pro-

ceeding to try title, for which the probate court does not have jurisdiction.

There were subsequent pleadings filed, all referring to the proceeding to establish death, which are unintelligible. At any rate, on March 23, 1956, the order to show cause was heard. The minute order of that date states: "Plaintiff orally moves the Court to re-open the matter of transferral of the matter to the United States Supreme Court. . . . The matter is submitted, and the Court orders that the Order to Show Cause and Notice to set matter for trial be and the same is hereby discharged." Appellant has apparently filed a notice of appeal from that order. Under the liberal rules of construction, the notice of appeal is probably sufficient. (Rule 1 (a), Rules on Appeal; 3 Cal.Jur.2d, §§ 181, 182, pp. 667-669.)

The order discharging the order to show cause should be sustained. ██ "A judgment establishing the fact of death in a proceeding under sections 1170 and 1175 of the Probate Code is not an adjudication of title. Under section 1174 it is only prima facie evidence of the fact of death. It is not a judgment from which an appeal may be taken under section 1240 of the Probate Code." (*Estate of Basso* (1945), 68 Cal.App.2d 294, 299 [156 P.2d 476].) Moreover, no appeal was taken from the decree establishing death.

If the so-called order to show cause is assumed to be a request for intervention (Code Civ. Proc., § 387), the determination of the trial court was correct. ██ An interest entitling a person to intervention must be an interest in the matter in litigation in the suit as originally brought, and of such a present, direct and immediate character that the intervener will either gain or lose by the direct effect of the judgment. ██ An intervener cannot be permitted to broaden the scope or function of such special proceeding by urging claims or contentions which have their proper forum elsewhere. (*Bernheimer* v. *Bernheimer* (1948), 87 Cal.App.2d 242 [196 P.2d 813].)

██ The order made by the trial court technically is a special order after final judgment. (Code Civ. Proc., § 963, subd. (2).) However, an appeal from it does not lie, for to be appealable under the code such order must affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution. (*Hixson* v. *Hixson* (1956), 146 Cal.App.2d 204, 206 [303 P.2d 607].)

█ It is obvious that the order here does not and could not affect the decree whose only function was to establish the fact of death.

The appeal is dismissed.

Peters, P. J., and St. Clair, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 26, 1958.

*Assigned by Chairman of Judicial Council.